Action for damages.  Before Judge Fite.  Dade superior court.
July 28, 1914.

*Payne & Hale,* for plaintiff in error.

---

ALABAMA GREAT SOUTHERN RAILROAD COMPANY *v.* TATUM.

ATKINSON, J.  The evidence was sufficient to authorize the verdict, and
there was no error in refusing to grant a new trial.

*Judgment affirmed.  All the Justices concur, except Fish, C. J., absent.*

MAY 12, 1915.

Action for damages.  Before Judge Fite.  Dade superior court.
July 28, 1914.

*Payne & Hale,* for plaintiff in error.  *B. T. Brock,* contra.

---

FLEMISTER *v.* ALACULSEY LUMBER COMPANY.

ATKINSON, J.  In the case of John Doe ex dem. Ida Calloway Flemister *v.*
Richard Roe, casual ejector, Alaculsey Lumber Company, tenant in pos-
session, a verdict was returned in favor of the plaintiff at the May term
of court, 1914.  A motion for new trial was duly filed.  The judge
passed an order nisi, setting the hearing of the motion for a designated
day in vacation, in a different county.  An additional order was granted,
allowing time for the filing of a brief of evidence and otherwise perfect-
ing the motion for new trial.  On the day set for the hearing of the
motion for new trial the movant failed to appear, and, on motion of
counsel for respondent, the motion for new trial was dismissed.  The
order of dismissal was dated June 29th.  On the 2d day of July next
ensuing, the movant presented a petition to the judge to have the order
dismissing the motion for new trial vacated, and the motion reinstated,
upon facts set forth in the petition.  The  judge thereupon passed an
ex parte order, vacating the order dismissing the motion for new trial,
and reinstating the motion, reciting that the motion for new trial was
to be heard and tried by the court at such time and in such way as the
same could have been heard and tried if such order of dismissal had not
been granted.  On the 15th day of July the respondent presented to the
judge exceptions pendente lite to the order last mentioned, which were
duly certified.  It is recited in the bill of exceptions that the said peti-
tion and order to reinstate the motion for new trial came on to be heard
at the regular August term, 1914, at which time respondent's counsel
urged objections which they called a demurrer to the motion to rein-
state, and the same were overruled.  The bill of exceptions also recites
that "the case then proceeded to trial," and, upon consideration of the
evidence, the judge passed the following order:  "After hearing evidence

and argument on motion of respondent to vacate the order reinstating the motion for new trial, granted July 2, 1914, said motion is refused, and the order granted July 2, 1914, reinstating the motion for new trial, is hereby confirmed and the motion for new trial reinstated." Error is assigned upon the judgment last mentioned, as also upon the exceptions pendente lite filed July 15, 1914. *Held:*

1. The orders passed by the court reinstating the motion, that is, the one passed in vacation and the order passed in term confirming that order, were not final but were interlocutory in their nature and, if valid, have the effect of putting the case again in court where it is now pending.

2. As the case has not finally been disposed of and is pending in the court below, a direct bill of exceptions complaining of the decision in the case could not be sued out to this court; and the direct bill of exceptions seeking to bring that ruling to this court for review is premature.

3. The direct bill of exceptions having been sued out prematurely, it is dismissed; but, in view of all the circumstances, it is directed that the plaintiff in error, who was the respondent in the motion for new trial, have leave to withdraw the official copy of this bill of exceptions of file in the court below, and to file the same as exceptions pendente lite.

*Writ of error dismissed, with direction. All the Justices concur, except Fish, C. J., absent.*

MAY 12, 1915.

Ejectment; from Murray superior court.

*J. J. Bates* and *Hendricks & Hendricks,* for plaintiff.

*W. E. Mann, W. C. Martin,* and *C. N. King,* for defendant.