BAKER *v.* THE STATE.

No. 14988. SEPTEMBER 13, 1944.

292

*G. B. Cowart,* for plaintiff in error.

*R. L. Dawson, solicitor-general,* contra.

WYATT, Justice. This case is controlled by the Code, § 2-3005, which provides: "The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and cor-

rection of errors of law from the superior courts and the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities, in all cases that involve the construction of the constitution of the State of Georgia or of the United States, or of treaties between the United States and foreign governments; in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question; and, until otherwise provided by law, in all cases respecting title to land; in all equity cases; in all cases which involve the validity of, or the construction of wills; in all cases of conviction of a capital felony; in all habeas corpus cases; in all cases involving extraordinary remedies; in all divorce and alimony cases, and in all cases certified to it by the Court of Appeals for its determination. It shall also be competent for the Supreme Court to require by certiorari or otherwise any case to be certified to the Supreme Court from the Court of Appeals for review and determination with the same power and authority as if the case had been carried by writ of error to the Supreme Court. Any case carried to the Supreme Court or to the Court of Appeals, which belongs to the class of which the other court has jurisdiction, shall, until otherwise provided by law, be transferred to the other court under such rules as the Supreme Court may prescribe, and the cases so transferred shall be heard and determined by the court which has jurisdiction thereof."

The words "construction of the constitution," as here employed, contemplate construction where the meaning of some provision of the constitution is directly in question, and is doubtful by force of its own terms or under the decisions of the Supreme Court of the United States or of the Supreme Court of Georgia; and the provision of the constitution in which they are employed is not to be construed as denying to the Court of Appeals jurisdiction of cases which involve merely an application of unquestioned and unambiguous constitutional provisions to a given state of facts. See the following cases: *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114, 117 (99 S. E. 374); *Hodges* v. *Seaboard Savings &c. Assn.,* 186 *Ga.* 845 (199 S. E. 105); *Head* v. *Edgar Bros. Co.,* 187 *Ga.* 409, 411 (200 S. E. 792); *Gaston* v. *Keehn,* 195 *Ga.* 559 (24 S. E. 2d, 675); *White* v. *State,* 196 *Ga.* 847 (27 S. E. 2d, 695).

The constitutional questions involved in this case call only for

their application to a given state of facts, and do not involve a construction of any constitutional provision. Therefore, since no other constitutional question is presented in the motion for new trial, this case does not fall within the class of cases set out in the Code, § 2-3005, of which the Supreme Court has jurisdiction; and since, under the constitutional amendment of 1916 (art. 6, sec. 2, par. 9; Code, § 2-3009), the Court of Appeals has jurisdiction for the correction of errors of law, if any, which may appear in the motion for new trial as amended, the Court of Appeals, and not the Supreme Court, has jurisdiction of this case.

*Transferred to the Court of Appeals. All the Justices concur.*