**36131. HOBBS _v._ NEW ENGLAND INSURANCE COMPANY.**

TOWNSEND, J. This case is being transferred to the Supreme Court for the reason that this court finds itself without jurisdiction to determine the controlling issue of law in the case, the constitutionality of a statute. It is the duty of this court on its own motion to inquire into its jurisdiction. _Cuttino_ v. _Mimms,_ 87 _Ga. App._ 643 (1) (75 S. E. 2d 212). The Supreme Court has exclusive jurisdiction in all cases where the constitutionality of any law of the State of Georgia is drawn in question. Code (Ann.) § 2-3704. The judgment of transfer is accompanied by this opinion in order that the Supreme Court may readily discern from the record the manner in which the constitutionality of a part of our statute law was drawn in question, and the reasons for the conclusion reached by this court respecting its lack of jurisdiction.

Claude Hobbs filed an action in McDuffie Superior Court against New England Insurance Company, seeking recovery for a fire loss under the terms of its policy with the defendant in the principal sum of $1,500, which petition as several times amended alleged in substance that the plaintiff was the owner of a certain one-story frame house in Warren County, Georgia; that at all times the building thereon was encumbered by a deed to secure debt to the Bank of Thomson, Georgia, on which $1,023.33 was owing; that the policy contained a loss-payable clause to such bank as its interest may appear; that the building was totally destroyed by fire on February 22, 1954; that the defendant had waived filing of proof of loss and denied the claim; and that, because of the defendant's bad faith in refusing to pay, the plaintiff was entitled to $375 as penalty for bad faith and $500 as attorney fees. The defendant filed its answer, admitting the jurisdiction of the court and the issuance of the policy and denying the other allegations of the petition. By amendment it set out as an affirmative defense that the policy sued upon contained an exclusion clause as follows: "Unless otherwise provided in writing added hereto this company shall not be liable for loss occurring while a described building, whether intended for occupancy

by owner or tenant is vacant or unoccupied beyond a period of 60 consecutive days"; and that the building had been unoccupied for that period of time, thereby rendering the policy void.

Upon the first trial of the case, the court directed a verdict in favor of the defendant as to the issue of bad faith and attorney fees, submitting the other issues to the jury, which returned a verdict in the plaintiff's favor for $1,500. The defendant made a motion for new trial, which the court refused as to that part of $1,500 which would be recovered by the plaintiff for the use of the mortgagee, and granted a new trial as to the other issues in the case.

Upon the second trial, evidence was introduced in behalf of this affirmative defense, and the court directed a verdict in favor of the defendant. . The plaintiff filed his motion for a new trial on the usual general grounds, which was amended by the addition of a number of special grounds, including an assignment of error on the direction of the verdict, and this judgment is assigned as error.

Other assignments of error in the bill of exceptions are as follows: (1) on the allowance of special demurrers of the defendant, claimed to have been filed too late, to an amendment of the plaintiff seeking additional attorney fees because of facts transpiring between the first and the second trial of the case; (2) on the sustaining of objections by the defendant to certain questions propounded by counsel for the plaintiff in a letter addressed to the defendant but not filed in the case, denominated a "request for admissions"; and (3) on the refusal of the trial court to compel the defendant to file certain answers to interrogatories propounded by the plaintiff, seeking discovery from the president of the defendant corporation, and the refusal of the court to entertain the plaintiff's motion to strike the defendant's pleas as a penalty for refusing to file such answers.

Obviously, the plaintiff would be entitled to recover on the insurance policy unless the defendant is in position to plead and prove the exception contained in the policy upon which it relies in order to escape liability. The other assignments of error are therefore dependent upon the determination of this question, which is assigned as error in paragraph 19 of the bill of exceptions of the plaintiff in error, by exception to the ruling of the trial court refusing to strike the defendant's answer setting up these defenses to the policy, upon motion having been made that the pleadings be stricken pursuant to the refusal of the defendant to file answers to interrogatories propounded to the president of the defendant corporation for discovery under Chapter 38-12 of the Code, particularly § 38-1202(2). When the case was called for trial, counsel for the plaintiff asked that the answers be filed, whereupon counsel for the defendant stated that he had the answers in his possession, but objected to filing them on the ground that the law pursued by the plaintiff was in violation of the "equal-protection-of-law clause" of the Constitution of the State of Georgia. This is treated as an objection to the manner of suing out the interrogatories, on the ground that the statutes pertaining thereto are in contravention of art. I, sec. I, par. II of the Constitution of Georgia (Code, Ann., § 2-102), for the reason that the Supreme Court held, in *Georgia Railway Co.* v. *Wright*, 125 *Ga.* 589 (12) (54 S. E. 52) as follows: "That provision in the Consti-

tution of the State which declares that protection to person and property shall be impartial and complete is the equivalent of a declaration that no person shall be denied the equal protection of the laws." Accordingly, we feel that the question of the constitutionality of the statute was properly presented to the trial court, although the exact language of the objection is not set forth in the bill of exceptions of the plaintiff in error. In any event, we are confronted with the rule of law that, if the ruling of the trial court was right for any reason, it should be affirmed. *Smith* v. *Page,* 72 *Ga.* 539 (2a). It is obvious that the trial court in sustaining the objection on constitutional grounds treated it as sufficiently raising the constitutional question. This ruling was the basis for the trial court upholding the defendant in its failure to file the answers to the interrogatories. Had the ruling been otherwise, the court might have exercised the discretion granted him under Code § 38-1204 and granted the motion of the plaintiff in error to strike the defendant's defensive pleas as a penalty for failure to make answer, in which event the affirmative defense urged by the insurance company would not have been before the jury for consideration and a verdict for the plaintiff would have been demanded. Again, the answers to the interrogatories contained information as to the name of the officer of the defendant corporation who had handled the matter from its inception. The record does not show whether or not he was available at the trial of the case. If he had been, and had answered the questions propounded in the affirmative, a verdict for the plaintiff would have been demanded whether the trial court struck the defensive pleas or not. Thus, it cannot be said that the error, if committed, was harmless. Whether or not the rulings were error depends upon whether or not Chapter 38-12 of the Code is constitutional insofar as it affects nonresident officers of corporations, and purports to treat corporate officers differently from other individuals in regard to the manner of suing out commissions on interrogatories seeking discovery.

We cannot treat the question merely as an application of unquestioned and unambiguous constitutional provisions to a given state of facts, so as to fall under the rule in *Baker* v. *State,* 198 *Ga.* 291 (31 S. E. 2d 397), and cases there cited. This case clearly involves the constitutionality of a statute which provides a means for the taking of interrogatories for discovery where a president of a nonresident corporation is involved. If the statute is constitutional, the method followed was correct and the trial court erred in ruling as it did, which ruling may have cost the plaintiff his case. If the statute is in conflict with the constitutional provision urged by the defendant, it is unconstitutional and the method followed by the plaintiff was inadequate for its purpose notwithstanding it was in the terms of the statute.

An examination of the other errors indicates to us that those which occurred prior to the reaching of this question are not such as to obviate the necessity for passing on this issue, and the subsequent rulings cannot be considered inasmuch as they might not have occurred had it not been for the particular error in question.

*Transferred to Supreme Court. Gardner, P. J., and Carlisle, J., concur.*

TRANSFERRED APRIL 2, 1956.

*Randall Evans, Jr.*, for plaintiff in error.
*Henry Neal, Earle Norman*, contra.