### 23316. GIBSON et al. v. HODGES.

Quillian, Justice. On January 12, 1965, the appellee, Eugene Hodges, filed his suit in Newton Superior Court against the appellants, O. H. Gibson, Southern Milling Company and W. T. Greer, Sr. The suit was for specific performance of an alleged oral contract to convey land between himself and O. H. Gibson, and it contained a prayer for cancellation of the warranty deed of W. T. Greer, Sr., to the same land. Southern Milling Company was joined as a defendant in the

suit, but only for the purpose of ascertaining the amount owing it by O. H. Gibson on his prior deed to secure debt. On September 23, 1965, the jury returned a verdict in favor of Hodges against the defendants Gibson and Greer as follows: "We the jury find for the plaintiff Eugene Hodges and against the defendant O. H. Gibson and instruct Mr. Gibson to issue warranty deed to Mr. Hodges for said property. We further find the warranty deed issued to Mr. W. T. Greer, Sr., is void, and should be cancelled, a new warranty deed issued to Mr. Eugene Hodges for said property at the original agreed price of $7,000.00."

On October 8, 1965, the appellant served and filed the following notice of appeal: "Notice is hereby given that [the defendants] . . . hereby appeal to the Supreme Court of Georgia from the judgment on the verdict entered in this action on September 23, 1965." Thereafter, on October 22, 1965, the trial judge entered a decree on the verdict, which provided in part: "(a) That specific performance of the contract between Petitioner and Defendant O. H. Gibson for the purchase of said property by Petitioner for the sum of $7,000.00 is hereby decreed; (b) That the Clerk of this Court is hereby ordered to remit the said sum of $7,000.00 to Defendant O. H. Gibson for the purchase price of said property; (c) That the said Warranty Deed from Defendant O. H. Gibson to Defendant W. T. Greer, Sr., is hereby decreed to be null and void and shall be cancelled of record by the Clerk of this Court . . . ; (d) This decree for specific performance of said contract shall operate as a conveyance of said property from Defendant O. H. Gibson to the Petitioner, Eugene Hodges, without any further conveyance being necessary; and this decree, certified by the Clerk of this Court, shall be recorded in the registry of deeds in Newton County, Georgia, and shall stand in the place of a deed, all as provided by Section 37-1202 of the Code of Georgia." The enumeration of errors filed in this court, more than thirty days after any judgment was entered in the case, allege certain appealable orders and judgments were entered in the case. *Held:*

1. The solemn duty devolves upon this court to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court. *Byrd v. Goodman,* 192 Ga. 466 (1) (15 SE2d 619). The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken

in substantial compliance with the rules of appellate procedure prescribing the conditions under which the ·judgment of the trial court may be considered appealable.

2. The questions raised by the record in this case are: (1) whether the appeal filed fourteen days before the judgment complained of was entered was substantial compliance with Ga. L. 1965, p. 18 (*Code Ann.* § 6-701), and Ga. L. 1965, pp. 18, 21 (*Code Ann.* § 6-803), which latter section requires that the appeal must be filed after entry of judgment; (2) whether there might be any appeal from an antecedent ruling, order or judgment under section (b) of *Code Ann.* § 6-701 where there has been no proper appeal under section (a) of that Code section.

The Appellate Practice Act of 1965, Ga. L. 1965, p. 18, as amended, Ga. L. 1965, p. 240, is embodied in *Code Ann. Title.* 6. The provisions of the Act pertinent to the questions above posed will be referred to as contained in designated sections of the unofficial Code. *Code Ann.* § 6-701 (a), 1 and 2, provides: "Appeals may be taken to the Supreme Court and Court of Appeals from judgments and rulings . . . in the following instances: 1. Where the judgment is final— that is to say—where the cause is no longer pending in the court below. 2. Where the decision or judgment complained of, if it had been rendered as claimed for by the appellant, would have been a final disposition of the cause or final as to some material party thereto. . ." *Code Ann.* § 6-903 reads: "The filing with the clerk of a judgment, signed by the judge, constitutes the entry of such judgment, within the meaning of this law." *Code Ann.* § 6-803 prescribes the time when an appeal may be entered as follows: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of. . ." *Code Ann.* § 6-802 makes clear that the filing of the notice of appeal constitutes entering an appeal: "An appeal may be taken by filing with the clerk of the court wherein the case was determined a notice of appeal. The notice shall set forth the title and docket number of the case, the name of appellant and the name and address of his attorney, a concise statement of the judgment, ruling or order entitling the appellant to take an appeal. . ."

It will be·noticed that the Act, as shown in *Code Ann.* § 6-803, specifically provides the judgment appealed from must have

been entered before the appeal is taken. The words, "within 30 days after entry of the appealable decision or judgment complained of," mean the judgment can not be considered appealable until it is actually entered. That a judgment must be entered before an appeal is taken is a rule of reason which has long existed. *Luke v. Ellis,* 201 Ga. 482 (2) (40 SE2d 85); *Flemister v. Alaculsey Lumber Co.,* 143 Ga. 416 (2) (85 SE 342); *Golucke v. Greene,* 76 Ga. App. 521 (46 SE2d 515). See *Winder Lumber Co. v. Washington Brick Co.,* 149 Ga. 215, 217 (99 SE 863). The Appellate Practice Act, now of vogue, did not repeal but confirmed the rule.

3. Counsel for the appellants, in a splendid and informative brief, direct the court's attention to the fact that the record shows appealable judgments which, if appellant had chosen, could have been designated in the notice of appeal as judgments entitling the appellant to take "the appeal." This fact does not cure the fatal defect in the notice of appeal because the only judgment therein referred to was: "the judgment on the verdict entered in this action on September 23, 1965," a judgment not entered until fourteen days after the appeal was filed and which, not being in existence, was not an appealable judgment.

Nor did the fact that these appealable judgments are specified in the enumeration of errors filed here on December 22, 1965, serve to remedy the failure of the notice of appeal to specify at least one appealable judgment as that complained of. It is quite true, as counsel argues, that an appeal is not complete until the enumeration of errors is filed within the prescribed time and in the required manner (*Undercofler v. McLennan,* 221 Ga. 613 (146 SE2d 635)), but the appeal is not, according to the Appellate Practice Act, initiated or begun at all until within 30 days from the entry of some appealable judgment notice of appeal is filed.

The omission in the notice of appeal to designate any appealable judgment or order as the ruling that entitles the appellant to take the appeal is entirely unconnected and in addition to the provision of the Act contained in *Code Ann.* § 6-809 requiring the timely filing of the enumeration of errors.

*Appeal dismissed. All the Justices concur.*

SUBMITTED JANUARY 10, 1966—DECIDED FEBRUARY 10, 1966.

*Ballard & Thigpen, W. D. Ballard, Troy R. Thigpen, Jr.*, for appellants.

*Greeley Ellis*, for appellee.