44434. ANTHONY et al. v. ANTHONY et al.

262

SUBMITTED MAY 5, 1969—DECIDED SEPTEMBER 4, 1969.

*John N. Crudup,* for appellants.

FELTON, Chief Judge. ■ (a) The first ground of appellee's motion to dismiss the appeal is the filing of the notice of appeal allegedly before the entry of the judgment on the verdict. The judgment appealed from in the notice of appeal is identified merely as that one entered by the court "on the 28th of February, 1969." The only final judgment in the record was entered on March 5, 1969, from which it is apparent from the record the appeal is intended. See *Brackett v. Allison,* 119 Ga. App. 632 (1) (168 SE2d 611). Although the notice of appeal is dated March 3, 1969 (two days prior to the entry of the judgment

intended to be appealed from), it is the *filing* of the notice of appeal which constitutes entering an appeal. *Code Ann.* §§ 6-802, 6-803 (Ga. L. 1965, pp. 18, 20, 21, as amended); *Gibson v. Hodges*, 221 Ga. 779 (2) (147 SE2d 329). The superior court clerk's filing stamp on the notice of appeal indicates March "4", with a "5" superimposed by hand on the "4." In the absence of any evidence that the filing date was altered by an unauthorized party, however, it will be presumed that the filing date is correct, hence timely. See 76 CJS 128, Records, § 27.

(b) The failure to file the enumeration of errors within 10 calendar days of the docketing of the appeal in this court does not subject the appeal to dismissal under *Denham v. State*, 119 Ga. App. 115 (166 SE2d 579) and cit., since the tenth day fell on a Saturday. *Code Ann.* § 102-102 (8) (Ga. L. 1958, pp. 388, 389; Ga. L. 1967, pp. 579, 580). The motion to dismiss is denied.

■ "It is the duty of this court on its own motion to inquire into its jurisdiction." *Hobbs v. New England Ins. Co.*, 93 Ga. App. 687 (92 SE2d 636) and cit. This court's jurisdiction of the appeal is established by *Bond v. Ray*, 207 Ga. 559 (63 SE2d 399); s.c., 83 Ga. App. 817 (65 SE2d 30).

■ The defendants' answer failed to set forth affirmatively the defense of either res judicata or estoppel by judgment, as required by Ga. L. 1966, pp. 609, 619, as amended, Ga. L. 1967, pp. 226, 230 (*Code Ann.* § 81A-108 (c)). To the contrary, it specifically admitted the allegations contained in paragraph 5 of the complaint, one of which was that no final determination was ever reached, or disposition made, concerning defendant Bishop Anthony's action against plaintiff Anthony for injunction against alienating the title to the property in question. Even if these averments had not been specifically admitted, moreover, they would be deemed admitted unless denied. *Code Ann.* § 81A-108 (d). Furthermore, even if a final judgment was rendered, it would probably be dormant after 13 years. *Code* § 110-1001, as amended (Ga. L. 1965, pp. 272, 273). Hence, the pendency of a former action or the existence of a prior binding judgment is not an issue in this case.

■ The first enumerated error is the court's restricting of the trial to the three aforementioned issues and its failure to submit to the jury the following additional three issues, which the defendants allegedly submitted upon pre-trial and which were allegedly made a part of the record: "a. Whether Mrs. H. L. Anthony had the mental capacity to convey the property to Bohannon and Garrett. b. Whether Mrs. H. L. Anthony did in fact sign the deed. c. Whether or not the consideration from Mrs. H. L. Anthony and Bohannon and Garrett was so grossly inadequate so as to create fraud on the part of the purchasers."

The record does not contain the alleged submission by the defendants of their contended issues in the pre-trial conference, or any attempt to introduce evidence thereon at the trial, or any ruling of the court disallowing such evidence. Although such evidence might have been admissible under the answer as amended, under the state of the record before this court it must be assumed that no such evidence was attempted to be introduced. There being no evidence as to these issues, the court did not err in refusing to charge as to them.

■ Enumerated errors 2, 3, and 4 challenge the verdict on the usual three general grounds of a motion for new trial. As to the issue of H. L. Anthony's mental capacity to convey the deed, the only evidence is that it was executed on June 24, 1954, and that he died as a patient in Milledgeville State Hospital on July 2, 1954. It is not shown when he entered the hospital, what his diagnosis was, whether he had such an illness as would affect his capacity to convey the property, or whether his incapacity, if any, existed at the time of his alleged execution of the deed. The jury was authorized to find that the defendants had failed to carry their burden of proof of his mental incapacity.

As to the issue of whether the original grantor did in fact sign the purported deed, the copy of the deed was attached as an exhibit to the complaint. The notarized, witnessed execution must be presumed to be valid in absence of evidence tending to rebut this presumption. The mere general denial of the grantor's execution in the defendants' answer and in their answers to the plaintiffs' interrogatories did no more than raise a jury ques-

tion thereon. Since no further evidence was introduced to sustain the defendant's burden of proof on that issue, the jury was authorized to find the execution to be valid.

The verdict was authorized by the evidence; therefore, the court did not err in entering judgment thereon.

*Judgment affirmed. Bell, P. J., Jordan, P. J., Hall, Quillian and Whitman, JJ., concur. Deen, J., concurs specially. Eberhardt and Pannell, JJ., dissent.*

DEEN, Judge, concurring specially. ■ While a notice of appeal filed prior to a final judgment is premature and ground for dismissal, where it appears that the final judgment and notice of appeal were filed on the same date it will be presumed that the judgment was filed before the notice, and the appeal will not be dismissed as premature under the rule set out in *Gibson v. Hodges,* 221 Ga. 779 (147 SE2d 329). I consider it "apparent" that the final judgment was appealed from, although the date is wrongly stated in the notice of appeal. Ga. L. 1968, pp. 1072, 1073.

■ As to the general grounds, there was evidence supporting the only issues submitted to the jury by the trial court, which was whether the grantor H. L. Anthony signed the deed in question and whether he had sufficient mental capacity to do so at the time of execution.

■ The first enumeration of error offers nothing for consideration by this court. The case filed by Bishop Anthony on July 13, 1955, and which it is admitted had no further action after that date, died on July 13, 1960. *Code Ann.* § 3-512. While error is enumerated on the failure of the trial court to submit to the jury other questions "submitted on pre-trial and made a part of the record" we are not referred to any place in the record where we may find such submission and we have as a matter of fact been unable to do so. Further, the pre-trial order is dated February 25, includes only the questions submitted, and the amendment of the plaintiff attempting to raise other issues as to the competency of Mrs. Anthony to sign a later deed was not raised until plaintiff filed an amendment dated February 28, the day of the trial.

This constitutes some evidence that the questions now attempted to be raised were not considered on the pre-trial hearing.

I would affirm the judgment.

PANNELL, Judge, dissenting. I must dissent from the refusal of the majority to dismiss the appeal which refusal the majority based upon the authority of Section 3 of the Act of 1968 (Ga. L. 1968, pp. 1072, 1074) as applied by a majority of this court in *Brackett v. Allison,* 119 Ga. App. 632 (168 SE2d 611). The Act merely says that when it is *apparent* from the notice of appeal, the record and enumerations of error, or any combination, which judgment or judgments *were* appealed from, this court will consider and pass upon the appeal (providing, of course, the judgment *apparently* appealed from is an appealable one). The only things *apparent* from the notice of appeal, the record and the enumerations of error in this case is that the appeal *should* have been entered "from the judgment on the verdict dated March 5, 1969, and entered March 5, 1969," and it is also *apparent* that this was not done.

If we look to the record, we find the judgment on the verdict which I have described, but none of the elements of this description are included in the description of the judgment appealed from in the notice of appeal. There is in the record a judgment of February 25, 1969, limiting the issues which were submitted to the jury. Error is enumerated on this judgment. Does not this judgment fit more closely the appellant's description? There is also in the record a verdict of February 28, 1969. There are three enumerations of error on the verdict. Does not this more closely fit the description given by the appellant? Does the fact that neither this judgment nor the verdict will support an appeal and the fact that the judgment of March 5, 1969, is appealable, make it apparent that the latter is the judgment appealed from? If that is what turns the trick, then a majority are in the right church, but the wrong pew, as they are applying the law to the wrong facts. For the facts here do not make the judgment actually appealed from apparent but only make apparent the judgment which should have been appealed from. The Act of 1968 contains no language which will support this construction placed upon it

by the majority. While I dissented from the case relied upon by the majority, *Brackett v. Allison,* 119 Ga. App. 632, supra, that case itself expressly excluded from its operation and distinguished therefrom cases such as the present one. In the present case, there is nothing in the description of the judgment appealed from which ties it in with the judgment of March 5, 1969. Let us read from what was the special concurrence of Judge Deen, which was ultimately incorporated by express quotation into the majority opinion in that case. "If our only clue is the date, it may be that examination of the record will not be sufficient to make the judgment appealed from *apparent.* But this is not the only clue. The appeal is from the 'judgment and decree.' A glance at the orders indicates that only one is called a 'judgment and decree' and only one could possibly be termed a judgment and decree." P. 633. It is *apparent* from the description of the judgment here, which is described only by date, the present case fits the exception acknowledged by the majority in the *Brackett v. Allison* case.

The appeal should be dismissed.