27800. PYLES v. HENLEY.
27891. THIBADEAU v. HENLEY.

GUNTER, Justice. These two appeals present the same issue for decision in this court. These cases began as quo warranto actions in the Superior Court of DeKalb County. Their purpose was to inquire into the right of the respondent to hold and discharge the duties of the public office of Judge of the Superior Courts.

Case No. 27800 was tried by agreement of the parties before the senior judge of the adjoining judicial circuit. Case No. 27891 was dismissed because it raised the very same issues that had been raised and ruled on in Case No. 27800 which was then on appeal to the Supreme Court of Georgia.

The only issue for decision in these cases is whether the respondent-appellee was a convicted, unpardoned felon at the time of the November, 1972, general election when he was duly elected to the public office which he now holds.

The appellants contend that the appellee is not entitled to hold public office because he was given a probated twelve-month sentence for a felony in Fulton Superior Court in 1941. See Code Ann. §§ 2-801 and 34-107.

The appellee contends that said 1941 sentence was void when entered, that he was not convicted for nor did he plead guilty to the felony charge in 1941, that prior to the 1972 general election date the 1941 sentence had been expunged from the records of Fulton Superior Court by a judgment of that court, and that the 1941 indictment upon which the alleged void sentence had

been entered had been nolle prossed by judgment of Fulton Superior Court prior to the 1972 general election.

The trial judge of the adjoining judicial circuit heard the case and then entered a judgment in pertinent part as follows: "All parties to the above-styled case having consented for the case to be tried before this Court and having consented to the time and place of the trial of said case ... there being no issues of fact in dispute and only questions of law involved and after hearing the above-stated matter; it is hereby determined, adjudged, and decreed: that the respondent, Clyde Henley, is qualified as a matter of law to hold the office of Judge of the Superior Court of the Stone Mountain Judicial Circuit for the term commencing January 1, 1973."

We have examined the entire record in these cases very carefully. We have particularly examined the record with respect to the 1941 indictment and sentence, the proceedings relating to the setting aside of the alleged sentence, and the judgment of Fulton Superior Court ordering the 1941 indictment dismissed. We agree with the trial judge who heard the case that the record does not substantiate the appellants' contentions to the effect that the appellee was disqualified from being elected at the general election in 1972 to public office; and that he is not disqualified from holding the public office to which he was elected.

The judgments of the trial courts in these two cases were correct.

*Judgments affirmed. All the Justices concur.*

CASE No. 27800: ARGUED MARCH 13, 1973 — DECIDED JUNE 26, 1973 — REHEARING DENIED JULY 12, 1973.

*L. C. Chrietzberg, W. P. Wilbanks,* for appellant.
*E. T. Hendon, Jr.,* for appellee.

CASE No. 27891: ARGUED MAY 15, 1973 — DECIDED JUNE 26, 1973 — REHEARING DENIED JULY 12, 1973.

*Richard A. Thibadeau, Sr., W. P. Wilbanks,* for appellant.
*E. T. Hendon, Jr., Clyde Henley,* for appellee.