## 48893. CUNNINGHAM v. THE STATE.

Quillian, Judge.

The defendant was convicted for violation of the Georgia Drug Abuse Control Act. Appeal was taken from the order overruling her motion to suppress and the judgment of conviction and sentence. The appeal was filed on August 20, 1973. The order and the judgment were both entered on August 21, 1973. Under the holding of *Bonzheim v. Bonzheim,* 227 Ga. 478 (181 SE2d 363): "A judgment cannot be considered appealable until it is actually entered; therefore, where the notice of appeal is filed before the entry of judgment, the appeal must be dismissed.

*Appeal dismissed. Bell, C. J., concurs. Clark, J., concurs, with addendum.*

Argued January 7, 1974 — Decided January 29, 1974 — Rehearing denied March 5, 1974 —

*Thomas H. Harper, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Raoul Lerow, Morris H. Rosenberg,* for appellee.

ADDENDUM.

CLARK, Judge, concurring.

Having received from my colleagues freedom of expression, a privilege cherished because of a personal penchant[1] for prolix prose, I add these views to my concurrence. This is in part due to my belief that lawyers who habitually read Advance Sheets desire to know more than the legal conclusions which control our decisions. They recognize that knowledge of the factual background often prevents perils and pitfalls such as occurred here to appellant's able advocate when he relied upon events taking their normal course, such as that court clerks generally file judicial orders without delay.

"It is the duty of the court on its own motion to inquire into its jurisdiction. [Cit.] " *Hobbs v. New England Ins. Co.,* 93 Ga. App. 687 (92 SE2d 636). This mandate is embodied in Rule 19 of this court which is codified as § 24-3619 (d): "[W]henever it appears to the court that it has no jurisdiction of a pending appeal, it will be dismissed . . . whenever and however its lack of jurisdiction may appear."

In fulfillment of that duty, examination of the record disclosed to my brother, Judge Quillian, to whom this case was assigned under the strict numerical rotation system of this court, that the trial judge sitting without a jury entered his finding of guilty by written order dated August 20. The next entry in the record is dated August 21, that being the trial judge's formal written order denying a motion to suppress. The following page is the judgment sentencing defendant to two years which is dated August 20. *That page shows the filing in the clerk's office to be August 21.* We have italicized the foregoing sentence because it marks the fatal flaw in the appeal.

---

[1] "All acknowledge the art of alliteration is of ancient ancestry; but propensity for this peculiar phrasing is the predilection of particular persons and plenty of people profess positive prejudice against the practice." Personal Letter from Savannah U. S. Court Judge A. A. Lawrence.

In writing the opinion of *Gibson v. Hodges,* 221 Ga. 779 (147 SE2d 329) our Judge Quillian's esteemed father undertook to explain for bench and bar the requirements of the Appellate Practice Act of 1965 as embodied in Code Ann. Title 6. At page 782 he pointed out that "The words, 'within 30 days after entry of the appealable decision or judgment complained of,' mean the judgment can not be considered appealable until it is actually entered. That a judgment must be entered before an appeal is taken is a rule of reason which has long existed. [Cits.]. The Appellate Practice Act, now of vogue, did not repeal but confirmed the rule." When that decision was followed in *Benton v. Smith,* 226 Ga. 722 (177 SE2d 230) the Supreme Court emphasized "a judgment cannot be considered appealable until it is actually entered."

Whether the court uses the word "entered" or "entry," the point which must be remembered is that this refers to the *filing* in the clerk's office of the signed judgment. This is made plain in the latest Supreme Court opinion, that being *Turner v. Harper,* 231 Ga. 175, 176 (200 SE2d 748), where that tribunal says "Code Ann. § 6-903 provides that the filing with the clerk of a judgment, signed by the judge, constitutes the 'entry' of the judgment within the meaning of the Appellate Practice Act."

In short, it is incumbent upon the attorney to follow up the signing of a judgment by making certain that it is filed with the clerk of court and to see that this official or his authorized deputy affixes the date of such entry accompanied by his signature.

On a personal note, I acknowledge my wish that I was blessed with the economy of expression possessed by my brethren. I would thereby be enabled to avoid such blunders as result from becoming enmeshed in my prolixity. In dealing with the issue in the instant case as to the right of the officers to make use of their sense of smell upon detecting the distinct and pungent aroma existing with wet marijuana (a truckload of approximately 1300 pounds), which odor is recognizable by narcotics agents, the district attorney's brief takes issue with a single sentence contained in this writer's opinion in *Brewer v. State,* 129 Ga. App. 118 (199 SE2d

109). That sentence at page 120 written by an appellate judge lacking in personal contact with contraband drugs reads: "The odor of marijuana is not in itself sufficient circumstantial evidence to constitute probable cause, much less a conviction." The context of the remainder of the paragraph containing that sentence shows it dealt with the odor emitted when smoking, a smell which we are informed remains in a room for hours. Additionally, the remainder of the opinion shows that this statement is obiter dictum as the ratio decidendi rests upon an illegal warrantless entrance into a private home which vitiated the subsequent detection of marijuana smoke. Federal cases in which a trained officer's ability to recognize the distinct odor of contraband have been dealt with are Romero v. United States, 318 F2d 530 (5th Cir. 1963); Fernandez v. United States, 321 F2d 283 (9th Cir. 1963) and United States v. Blackstock, 451 F2d 908 (9 CA 1971). State cases supplied by the district attorney's brief are People v. Erb, 128 Ill. App. 2d 126 (261 NE2d 431); People v. Christensen, 2 Cal. App. 3d 546 (83 Cal. Rptr. 17) and People v. Brown, 271 Cal. App. 2d 391 (76 Cal. Rptr. 568).

Although this writer may have been deficient in dealing with the sense of smell, he can now testify as to the taste of "eating crow": it is both unpalatable and indigestible.