A96A0237. THIBADEAU v. HENDON et al.
(471 SE2d 52)

McMURRAY, Presiding Judge.

On June 5, 1995, plaintiff Richard A. Thibadeau filed a civil action in the Superior Court of DeKalb County, Georgia, captioned: "MOTION TO SET ASIDE, CORRECT AND EXPUNGE THE RECORD," with respect to *Pyles v. Henley*, DeKalb Superior Court Case No. 69478, and *Thibadeau v. Henley*, DeKalb Superior Court Case No. 70985, two quo warranto proceedings initiated in 1972. See *Pyles v. Henley*, 230 Ga. 811 (199 SE2d 249) (Supreme Court Case No. 27800). See also *Thibadeau v. Henley*, 230 Ga. 811 (199 SE2d 249) (Supreme Court Case No. 27891). The substance of the present action is that the judgment in *"Pyles v. Henley*, [DeKalb Superior Court Case No. 69478] is void for lack of jurisdiction[,]" as a consequence, petitioner argues that the judgment in *Thibadeau v. Henley*, DeKalb Superior Court Case No. 70985, also is void. Petitioner prayed that *"Pyles v. Henley*, case number 69478, be set aside and expunged from the records" and also that *"Thibadeau v. Henley*, case number 70985, be set aside and expunged from the records[.]" In a final order entered August 3, 1995, the superior court denied petitioner's motion to set aside and expunge the record, and, on August 30, 1995, petitioner filed a notice of appeal. *Held*:

" ' "It is the duty of this court on its own motion to inquire into its jurisdiction." (Cit.)' *Anthony v. Anthony*, 120 Ga. App. 261, 264 (2) (170 SE2d 273) (1969)." *Cole v. Cole*, 205 Ga. App. 332 (1) (422 SE2d 230). It appears that an appeal from the denial of a motion "that [a] court correct its own records and expunge certain matters therefrom," is within the appellate subject matter jurisdiction of the Georgia Court of Appeals. *Kelley v. Tanksley*, 217 Ga. 183 (121 SE2d 647). But the relief sought by petitioner in the case sub judice could not be granted unless and until the underlying judgment is set aside for lack of jurisdiction. The procedure for obtaining such relief is through

a motion under OCGA § 9-11-60 (d) (1). The denial of a motion to set aside a judgment brought pursuant to OCGA § 9-11-60 (d) (1) is not directly appealable but requires an application to this Court for discretionary appeal. OCGA § 5-6-35 (a) (8); *Guy v. Roberson*, 214 Ga. App. 391, 392 (2), 393 (448 SE2d 60). In the case sub judice, it is our view that the substance of this action is a motion to set aside and that the prayer to expunge the record is ancillary to relief under OCGA § 9-11-60 (d) (1). Since petitioner attempted a direct appeal and did not comply with the application procedures for discretionary appeal, this Court has no jurisdiction over the instant appeal. Consequently, Case No. A96A0237 must be dismissed for lack of appellate jurisdiction.

*Appeal dismissed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 3, 1996.

■

*Richard A. Thibadeau*, pro se.

*Wright & King, Judy C. King, Edward E. Carriere, Jr.*, for appellees.

