## 46381. DICKSON v. THE STATE.

HALL, Presiding Judge. Defendant appeals from the revocation of his probation for possessing marijuana. Defendant and two friends were riding in a van owned by defendant's father. They were stopped by two police officers for a traffic violation. Both officers testified that they had seen something fly out from under the vehicle just before it stopped; that when they opened the doors of the van they could smell the odor of marijuana smoke; and one officer said he could see a rolled cigarette on the floor. They proceeded to search the van and the area around it. Six marijuana cigarettes were found in the van (though none on the persons of the boys) and a plastic bag containing marijuana was found on the road a few feet behind the van.

Defendant first contends that the search was illegal because conducted only as an incident to a routine traffic offense, citing *Rowland v. State,* 117 Ga. App. 577 (161 SE2d 422). In the *Rowland* case, however, there was absolutely nothing which would have given the officer probable cause to search for contraband. Here the officers smelled the distinctive odor of the smoke and one saw a cigarette on the floor *before* they searched. This supplied sufficient probable cause that the vehicle contained seizable items and/or that a person there had or was committing the crime of possession, to authorize a search on the spot before the contraband could be disposed of. Brinegar v. United States, 338 U. S. 160 (69 SC 1302, 93 LE 1879); McGee v. United States, 270 A. 2d 348 (D.C.C.A.).

Defendant further contends that the court had no evidence that defendant possessed marijuana since mere presence near contraband does not prove possession; and that while only slight evidence is necessary for revocation, there must be some—suspicion alone does not authorize revocation.

We agree of course that there must be evidence. However, it has long been the law that the quality or quantity necessary for revocation is not that demanded for conviction of crime. *Allen v. State,* 78 Ga. App. 526 (51 SE2d 571); *Price v. State,* 91 Ga. App. 381 (85 SE2d 627); *Sellers v. State,* 107 Ga. App. 516 (130

SE2d 790). Here there was strong circumstantial evidence that defendant had or did possess marijuana. The evidence did not have to exclude every other hypothesis than that of the guilt of the accused. In other words, the court did not have to be convinced beyond a reasonable doubt that defendant had violated a condition of his probation in order to revoke it.

   *Judgment affirmed. Eberhardt and Whitman, JJ., concur.*
SUBMITTED JUNE 30, 1971—DECIDED SEPTEMBER 8, 1971.

*Albert M. Horn,* for appellant.
*H. R. Thompson, District Attorney,* for appellee.