## 48070. BREWER et al. v. THE STATE.

CLARK, Judge. Brewer and Pope, the appellants, were two of six defendants arrested and convicted for possession of marijuana.

These two defendants made separate but identically worded motions to suppress, later amended to include all of the defendants. The motion sought to prevent the state offering into evidence 17 plastic bags containing marijuana on the ground that this evidence was seized as the result of an illegal search and seizure which was not incident to a lawful arrest.

The sheriff and his deputy had received three complaints. The sheriff described these as "lots of unnecessary noise, loud voices, loud music, so that gave me the reason to go" (T. 4) to the residence. After the third telephone call at approximately 3:45 p.m. they went to the location. They did not have a warrant. They testified the music was loud enough to radiate out over the neighborhood which noise could be heard a block away. Leaving the car in the driveway, they checked the downstairs front door, which was locked. Then determining that the music came from the second floor, they mounted the outside steps leading to the second story. The wooden door was open, but neither the sheriff nor his deputy could remember the position of the screen door. They did not remember if the screen door was open or if they had to open it. Defense exhibits 1, 2, and 3 are photographs of the house which show the presence of a wooden door and a screen door and the lack of a stoop or platform replacing the top step.

The sheriff testified he smelled the odor of marijuana at the top of the steps. His deputy testified he smelled this odor in the doorway. Both testified the room was filled with smoke. The deputy testified that when he reached the door, "one of the subjects [identified as Chris Pope, a defendant] backed up and throwed a package under the couch." (T. 28). The deputy added that this was a small cellophane package. The deputy then pulled the couch out and "found three packages on the floor, fourteen packages in the paper bag," (motion to suppress, p. 15), which they determined was marijuana. At this point the officers arrested the defendants for illegal possession of marijuana.

One of the appellants, Patrick Brewer, was in the next room sitting on the bed, the others were in the room with the other appellant, Chris Pope. The officers then searched both rooms and some of the defendants, but found no ashes, butts or any other evidence of marijuana.

Defendants' motion to suppress the evidence, being the 17 bags of marijuana, was denied and defendants were convicted of violating the Georgia Drug Abuse Act, Code Ann. §§ 79A-903, 79A-907. Thereupon this appeal was taken by defendants Pope and Brewer enumerating as error: (1) the trial court's denial of defendants' motion to suppress evidence based on the contention that the search and seizure were illegal; (2) the trial court's denial of defendants' motion for directed verdict of acquittal which alleged that there was insufficient evidence to prove possession; and (3) the trial court's charge on constructive possession in that the evidence did not warrant such a charge.

1. The officers had not obtained a search warrant despite the legal requirement that "a warrant is required to search the curtilage." *Black v. State,* 119 Ga. App. 855, 857 (168 SE2d 916). However, "A police officer is free to use and seize what he sees in plain sight if he is at a place where he is entitled to be. Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726); Harris v. United States, 390 U. S. 234 (88 SC 992, 19 LE2d 1067)." *Lewis v. State,* 126 Ga. App. 123, 126 (190 SE2d 123).

Were the sheriff and his deputy entitled to open the screen door and cross over the threshold into the room without knocking, without identifying themselves, and without asking permission to enter? Although the police have authority to arrest and to search without a warrant in exigent circumstances no emergency existed here. At this point the officers were simply checking on the loud noise. The state contends the arrest was authorized because there was the maintenance of a disorderly house. Under Code Ann. § 26-2614, "A person who keeps and maintains, either by himself or others, a common ill-governed and disorderly house . . . to the common disturbance of the neighborhood or orderly citizens, is guilty of a misdemeanor." In order for defendants to be charged for this offense, they must be occupants of the house or keep and maintain the house in some manner. Being visitors only, as these defendants were with the possible exception of Tony Jones whose brother owned the house, is not sufficient. Additionally, the noise must qualify as "loud noises, cursing, swearing, &c. , [that] were ordinary and usual, or

common occurrences; not casual and at long intervals, but were the general, customary, common habits of the house." *Palfus v. State,* 36 Ga. 280, 285. Not only must the notice be of that quality, but it must exist "for a sufficient length of time to render applicable to it as a disorderly house the descriptive term 'common,' and that the noises made and improper acts committed therein disturbed the peace and comfort of quite a number of orderly citizens in the neighborhood." *Heard v. State,* 113 Ga. 444, 448 (39 SE 118).

No reason has been shown why any exigent circumstances existed which permitted the officers to enter the room unannounced. Certainly a private citizen's "reasonable expectation of privacy" has been abrogated in this instance. The officers did not knock. Their intention to enter whatever the circumstances is indicated by the fact that the screen door would have to be opened by the person ascending the steps before he reached the top step, as there is not enough space on the top step for a person to stand there and open the door. Therefore, the officers opened the door before they saw the inside of the room or the occupants. The sheriff and his deputy were, in our opinion, not entitled to be where they were when they smelled the odor of marijuana and saw Chris Pope, one of the defendants, throw a paper bag under the couch. "There was no probable cause to arrest the defendant as he was not observed in the commission of any crime." *Patterson v. State,* 126 Ga. App. 753, 754 (191 SE2d 584).

The odor of marijuana is not in itself sufficient circumstantial evidence to constitute probable cause, much less a conviction. According to testimony, the odor of marijuana lingers for some days and is difficult to eradicate. This case is similar to *Patterson v. State,* supra, p. 756, where the marijuana was in another's possession in another part of the house. "[T]he cigarette butts in the ashtray; and the odor [of marijuana] was not in any manner connected to the defendant so as to authorize an inference that he had agreed with any co-conspirator to engage in the overt act to possess marijuana. It was error for the trial court to deny the motion for directed verdict of acquittal as to this count." Also see *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37), where a search without a warrant of an automobile was upheld because the officers not only smelled the odor of marijuana, but saw a cigarette on the floor *before* they searched. In *Dickson* there were exigent circumstances (in that a house can be staked out, a moving car cannot) which would authorize a search before the

contraband could be disposed of and the officers not only smelled marijuana but saw a cigarette.

A valid search must be predicated on probable cause, not just because it was the police officer's usual practice to search stopped cars. *Rowland v. State,* 117 Ga. App. 577 (2) (161 SE2d 422). The deputy testified that one defendant threw a cellophane bag under the couch. The sheriff did not see this act of defendant. This was the only act that followed the arrival of the police. The deputy then removed the couch and found a paper bag which he opened and determined that the 14 packages inside contained marijuana. Three other packages were found loose under the couch. At this point, defendants were arrested for possession of marijuana and a more extensive search of the room, another room and some of the defendants took place which revealed no evidence of marijuana. A cellophane bag is not incriminating in itself. The deputy did not testify that at the time he first saw the bag being thrown under the couch he knew the bag contained marijuana.

"Under the ruling of the Supreme Court of the United States in Sibron v. New York, 392 U. S. 40 (88 SC 1889, 20 LE2d 917), it appears that no reasonable cause for defendant's arrest existed when the search was made, and since it was not made in connection with or as an incident to a lawful arrest, the search without a search warrant was itself unlawful. The motion to suppress should have been sustained. Cf. Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889)." *Uva v. State,* 124 Ga. App. 486, 487 (184 SE2d 200). "It is axiomatic that an incident search may not precede an arrest and serve as part of its justification. Henry v. United States, 361 U. S. 98 (80 SC 168, 4 LE2d 134)." Sibron v. New York, 392 U. S. 40, supra.

2. The instant case does not fall within the provisions of Code Ann. § 27-301, providing that "when a lawful arrest is effected a peace officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of: (a) Protecting the officer from attack; or (b) Preventing the person from escaping; or (c) Discovering or seizing the fruits of the crime for which the person has been arrested; or (d) Discovering or seizing any instruments, articles, or things which are being used, or which may have been used, in the commission of the crime for which the person has been arrested: . . ." Sub judice, there was no arrest until the deputy had searched under the couch and discovered the marijuana. Thereafter the defendants were

arrested for possession of marijuana.

The exceptions which allow an officer to search without a warrant are carefully restricted to emergency situations where there is no opportunity to obtain a warrant due to threatened removal or destruction of the criminal goods. See *Andreu v. State of Ga.,*124 Ga. App. 793, 796 (186 SE2d 137). The officers here did not know any contraband existed until they made an illegal search. See Johnson v. United States, 333 U. S. 10 (68 SC 367, 92 LE 436); *Lewis v. State,* 126 Ga. App. 123, 126, supra.

3. Who possessed the marijuana? "Personalty is deemed to be in possession where the right of property is accompanied by immediate possession, actual or constructive." Code § 85-1702. Possession is "That condition of facts under which one can exercise his power over a corporeal thing at his pleasure to the exclusion of all other persons." Black's Law Dictionary (Rev. 4th Ed. 1968). There was no evidence that the defendants with the exception of Chris Pope knew that the paper bag contained marijuana. Chris Pope had brought the bag with him to the house. No evidence was presented indicating any degree of control or possession by any of the other defendants. They were not smoking it at the time the officers arrived. There was no direct evidence that they had smoked it or had even seen it. The charge on constructive possession was in error as to all defendants with the exception of Chris Pope. Chris Pope admitted that the marijuana was in his possession, that he was keeping it for a friend. By his admission and his acts, he was in unlawful possession of marijuana. However, since the search and his arrest were illegal, this admission being given during his illegal detention is tainted and is therefore inadmissible.

4. "In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed . . ." Jones v. United States, 362 U. S. 257, 261 (89 SC 725, 4 LE2d 697, 78 ALR2d 233); Diaz-Rosendo v. United States, 357 F2d 124, 131; *Wood v. State,* 224 Ga. 121 (160 SE2d 368). Clearly when one is searched or when the immediate area surrounding him is searched, one can be said to be a victim of a search and seizure. The defendants were aggrieved parties whose reasonable expectation of privacy was abridged by the illegal search and seizure. *Braddock v. State,* 127 Ga. App. 513, 515 (194 SE2d 317); *Hudson v. State,* 127 Ga. App. 452, 455 (193 SE2d 919).

5. There is no evidence of a conspiracy in the instant case. "A

person commits a conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does an overt act to effect the object of the conspiracy." Code Ann § 26-3201. On the contrary, Chris Pope testified that he was keeping the paper bag containing cellophane packets of marijuana for a friend, that the others did not know what was in the bag, that they had gone to the house to listen to music and had been there about 10 minutes before the police arrived. Brewer, the other defendant who appealed, testified that he went down to Tony's cousin's house and was sitting on the bed in the other room when the officers came in. Their common intent was to listen to music and that is what they were doing when they were arrested. The state offered nothing in rebuttal except the paper bag of marijuana and the presence of the defendants. This, without evidence of common intent to participate in some manner in an illegal activity, is not proof of a conspiracy.

"While ordinarily the question of whether or not a conspiracy was entered into is a question of fact exclusively for the consideration of the jury (*Tanner v. State*, 161 Ga. 193 (11) (130 SE 64)), this question, like other questions of fact, is subject to the scintilla rule, and unless there is some evidence to show a conspiracy, a conviction or a finding of fact which has as its basis a conspiracy ought not to be allowed to stand." *Harris v. State*, 96 Ga. App. 395, 398 (100 SE2d 120).

In the instant case the state was unable to offer any evidence controverting the statements of defendants. Since the fact of conspiracy remains unsubstantiated by a scintilla of evidence here, conspiracy is not a basis for conviction.

*Judgment reversed. Hall, P. J., and Evans, J., concur.*

SUBMITTED APRIL 5, 1973 — DECIDED MAY 18, 1973.

*Thomas H. Harper, Jr.,* for appellants.
*John T. Perren, District Attorney,* for appellee.