48861. ROGERS v. THE STATE.
48862. SIMMONS v. THE STATE.

CLARK, Judge.

Via an immediate review certificate this appeal is taken from the denial of a motion to suppress marijuana seized as evidence during a search of an automobile which police had halted for a traffic violation[1] and for which offense the occupants had been detained. The errors enumerated contend the trial court erred in (1)

---

[1] Although the U. S. Supreme Court decisions dealt with detention of individuals for auto driving violations,

holding the motion did not comply with legal requirements for a motion to suppress, (2) in ruling there was probable cause, and (3) in overruling the motion to suppress.

As he passed an approaching Volkswagen, a DeKalb County police officer on early morning patrol observed that neither its tail light nor tag light were illuminated. Reversing his route he stopped the offending vehicle in which there were two occupants. As the Volkswagen was rolling to a stop which covered a distance of approximately 100 feet, the right hand door was opened and it appeared to the officer that the passenger was "trying to throw something out." (T. 3-4). He testified his search of the ground area did not disclose any item but the container subsequently removed by him from the automobile was in a position that it may have been what appellants were seeking to get rid of. "When I stopped them, both defendants seemed to be nervous. When the car had passed earlier I had noticed the passenger was smoking a cigarette, and when I stopped them there wasn't a cigarette to be found." (T. 4). He continued his presentation by stating "There was a smoke in the car that was heavy smelling" (T. 4) which from his experience he identified such odor to be that of marijuana. "Both defendants exited the car as I stopped. The door on the passenger's side was left standing open. I walked to that side of the car, and I was on a slight grade. I shined my light in the car, and on a Volkswagen it is possible to see underneath the seat, and on the right side underneath the seat was yellow container with a white lid on it, and I opened this container and found it contained green leafy material. . ." (T. 7).

No citation was issued for the tag and tail light violations but charges were made for marijuana

we make no reference herein to the December 1973 opinions of United States v. Robinson, 414 U.S. 218 (94 SC 467, 38 LE2d 427) and Gustafson v. Fla., 414 U.S. 260 (94 SC 488, 38 LE2d 456) as they are limited to full custodial arrests and to the right to make a full-scale body search of the person and did not involve vehicle searches.

possession against both the driver and passenger.

1. Our examination of the motion to suppress shows a substantial conformance with the requirements of Code Ann. § 27-313. We should not "exalt form above substance." (Justice Cardozo in People v. Defore, 242 N.Y. 13 (150 NE 585)). This pleading satisfied the essentiality of stating the "facts showing wherein the search and seizure" are contended to be unlawful. The language thereof does not merely state grounds "in the conclusional language of the statute without alleging facts in support of the conclusions" which was the fatal flaw pointed out in *Brannen v. State,* 117 Ga. App. 69, 70 (2) (159 SE2d 476).

2. Defendants were lawfully stopped because their car's tail and tag lights were not functioning. Tail and tag lights are required on motor vehicles under Code Ann. § 68-1705; § 68-1701 makes it a misdemeanor to drive a vehicle which is not so equipped. The police officer testified that "I stop all sorts of people that time of night for traffic violations " (T. 17) and "I had them under arrest. . ." (T. 9).

"If the defendant voluntarily submits to being considered under arrest. . . the arrest is complete." Code § 27-201. "It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." Terry v. Ohio, 392 U. S. 1, 16 (88 SC 1868, 20 LE2d 889); *Holtzendorf v. State,* 125 Ga. App. 747, 750 (188 SE2d 879). See also *Clements v. State,* 226 Ga. 66, 67 (172 SE2d 600).

Therefore, although the officer had not expressly informed defendants they were under arrest nor stated to them the specific charges against them, defendants recognized they were not free to depart the scene and were consequently in custodia legis. The fact that no charges were filed against defendants for the traffic violations which had served as the reason for the vehicle being halted and for the detention of the occupants does not alter the situation that the officer and the defendants recognized they were in police custody. Additionally, it is well known court cases are often not made for traffic violations or minor offenses upon discovery by law enforcement officials of more serious offenses.

3. Appellants argue the search of the vehicle was illegal in that the detention of themselves and of their vehicle arose out of traffic violations and therefore the search of the car was in excess of legal limitations. They rely upon *Rowland v. State,* 117 Ga. App. 577 (161 SE2d 422) which ruled that a search of a vehicle is illegal where the sole basis for the arrest of the driver is nothing more than a traffic offense. That rule of limited search does not apply to the instant situation where the officer discerned additional facts which provided probable cause to check the automobile for marijuana. Among these elements were the gesture which the officer described as "it appeared he was trying to throw something out." (T. 3). In addition there was his observation of the passenger smoking what appeared to be a cigarette, his subsequent visual inspection disclosing no cigarette butt, the manner of exit from the vehicle, the position of the small container on the floor, and obvious excessive nervousness of the individuals. Most important was the fresh smoke odor pervading the automobile which the trained officer recognized as marijuana. All of these created a totality of circumstances establishing probable cause within the ambit of *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37). There a search of an automobile without a warrant was upheld because the officers not only smelled the distinctive odor of marijuana smoke but saw a cigarette on the floor before the search.

At this point it is incumbent upon the writer of this opinion to correct an erroneous conception which has arisen from his statement in *Brewer v. State,* 129 Ga. App. 118, 120 (199 SE2d 109) that "The odor of marijuana is not in itself sufficient circumstantial evidence to constitute probable cause. . ." Heretofore I have acknowledged mea culpa in my concurring addendum in *Cunningham v. State,* 131 Ga. App. 134. In seeking to correct my error I pointed out that "this statement is obiter dictum as the ratio decidendi rests upon an illegal warrantless entrance into a private home which vitiated the subsequent detection of marijuana smoke."

In the *Cunningham* concurrence there are cited a number of decisions from federal and other state jurisdictions wherein searches were ruled proper when

the foundation of probable cause was a trained officer's experience and expertise in recognizing from his sense of smell that contraband existed. It is hoped that the repetition herein of an express disapproval of the erroneous *Brewer* dictum will dispel the misconception that the olfactory sense may not be made use of in cognitive senses in determining the existence of probable cause. We should not deprive law enforcement officers of the use of all five cognitive senses, to see, to hear, to touch, to taste, and to smell.

It must be recognized that the "right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." Carroll v. United States, 267 U. S. 132, 158 (45 SC 280, 69 LE 543, 39 ALR 790).

*Judgment affirmed. Bell, C. J., and Quillian, J. concur.*

SUBMITTED JANUARY 7, 1974 — DECIDED FEBRUARY 1, 1974.

*Michael J. Kovacich, Thomas F. Nicholson,* for appellants.

*Richard Bell, District Attorney, Stephen B. Taylor,* for appellee.