## 49636. CULPEPPER v. THE STATE.

STOLZ, Judge.

The appellant Culpepper was indicted and convicted for possession of marijuana. *Held:*

1. Appellant enumerates as error the denial of the motion to suppress evidence obtained in the search of the vehicle in which appellant was riding at the time of arrest. It is contended that the search and seizure was unreasonable and that no probable cause existed. Testimony was elicited from the arresting officers that two males in the rear seat were seen passing back and forth what appeared to be a kind of cigarette and each proceeded to place it in his mouth. When the vehicle was motioned to stop, an object was seen thrown from the window of the car, though no object was later found. After the car was halted, Sgt. Hallman alleged that he detected an odor of marijuana within the interior of the car. When the trunk of the car was unlocked with the driver's permission, a brown paper sack of marijuana was found, though it was unclaimed by anyone. The appellant did acknowledge ownership of the duffel bag in which three pounds of marijuana was later discovered. We believe that on the basis of this uncontradicted testimony probable cause existed for the search of the vehicle and the seizure of the contraband. The case of *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37), is dispositive of this point.

2. The jury was never sworn to try the particular case at bar, as required by Code § 59-709. The only oath administered pertained but to the competency of the jurors and the reliability of their answers given during the jury selection process. In a criminal case, "a total failure to swear the jury [to try the particular case] is a matter which cannot, in any manner or under any circumstances, be waived." *Slaughter v. State,* 100 Ga. 323, 330 (28 SE 159). See also *Garrett v. State,* 120 Ga. App. 611, 612 (171 SE2d 772). The failure to swear the jury to try the particular case thus constitutes reversible error.

3. The defendant filed a motion to suppress evidence and provided sworn testimony in support thereof. Some of this testimony was later presented to the jury, over the objections of defendant's counsel, by way of testimony from Sgt. Hallman and Sheriff Lee, the arresting officers. These circumstances fall squarely within the rule announced by the United States Supreme Court in Simmons v. United States, 390 U. S. 377, 394 (88 SC 967, 19 LE2d 1247): ". . . in this case Garrett was obliged either to give up what he believed . . . to be a valid Fourth Amendment claim or, in legal effect, to waive his Fifth Amendment privilege against self-incrimination.

"In these circumstances, we find it intolerable that one constitutional right should have to be surrendered in order to assert another. We therefore hold that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection." The objections to the testimony of Sgt. Hallman and Sheriff Lee should have been sustained, and this case must be reversed on these grounds as well.

4. The record discloses no expression or intimation of the judge's opinion as to the guilt or innocence of the defendant. The instruction that the jury could find the defendant guilty as charged in the special presentment indicated neither the judge's opinion nor that the grand jury had made a finding of guilt. See *Haden v. State,* 176 Ga. 304 (168 SE 272). Enumeration of error 5 is without merit.

5. During his closing remarks the state's counsel spoke of the defendant's failure to give sworn testimony in his own behalf. This is strictly forbidden by Code Ann. §§ 27-405 and 38-415. However, "When improper argument is made to the jury by an attorney for one of the parties, it is necessary, in order to make same a basis for review, that opposing counsel make proper objection to it at the time made or invoke some ruling or instruction from the court respecting it, either by way of reprimanding counsel, or of instructing the jury to disregard it, or of declaring a mistrial." *Johnson v. State,* 226 Ga. 511, 514 (175 SE2d 840); Code § 81-1009. The

record discloses that objection was made by defendant's counsel the day following the remarks, after the jury had been charged and sequestered. Enumeration of error 6 is without merit.

*Judgment reversed. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED SEPTEMBER 5, 1974 — DECIDED SEPTEMBER 25, 1974.

*Virginia B. Garrett,* for appellant.
*John T. Perren, District Attorney, William C. Tinsley, II, Assistant District Attorney,* for appellee.