48893. CUNNINGHAM v. THE STATE.

QUILLIAN, Judge.

The Georgia Supreme Court having reversed our

dismissal of the appeal (*Cunningham v. State,* 232 Ga. 416 (207 SE2d 48)) such judgment is hereby vacated.

The defendant was indicted for the felonious possession of more than one ounce of marijuana. The defendant plead not guilty, filed a motion to suppress certain evidence, and was tried before a judge sitting without a jury. The trial judge, upon the stipulation of both counsel, heard evidence with respect to the motion to suppress and with respect to the guilt of the defendant in a non-bifurcated trial. At the conclusion of the evidence, in separate rulings the trial judge denied the defendant's motion to suppress and found the defendant guilty as charged. The defendant was sentenced to serve two years and appeals to this court enumerating as error the failure to sustain the motion to suppress.

The evidence adduced with respect to the motion to suppress came from the testimony of two witnesses for the state. The first, Wayne Smith, testified that he was a special agent for the U. S. Department of Justice assigned to Metro Atlanta Narcotic Squad. He stated he received a telephone call from the Atlanta Police Department requesting assistance in an investigation; that "they were in the process of obtaining a consent to search form executed by the resident of the house at 4554 Club Drive"; that he was requested to assist them by performing surveillance on that address until the consent to search form was executed. The witness furthermore recited that he was told "there was suspected to be a large quantity of marijuana" and "they expected a white van truck to arrive and transport the marijuana away, possibly."

Smith testified that he arrived at the scene at approximately 1:45 and that about 3:45 a white van truck with a red strip down the side pulled into the driveway, went around behind the house and parked; that about an hour later the white van truck pulled out into the driveway and started into Club Drive; that thereupon "we blocked the driveway and stopped the truck." Mr. Smith testified that he and the other officers went up to the truck, that the other officers stayed at the door of the driver's side of the truck and that he went around behind the truck, checked the door of the truck, and went up to

the house to secure that; that as he went by the driver's door and around to the back of the truck to check the back door he smelled a strong odor of marijuana coming from the back of the truck; that he went up to the house to make sure that there was no one else in there, secured the house, and came back down to the truck where the padlock was forced.

In answer to the question "I believe you said you went up to the cab where Miss Cunningham was, told her you were a police officer, to get out of the truck and to hold fast right there, is that right?" The witness answered: "Something to that effect," and further stated that the defendant did get out of the truck and stood at the hood. Smith testified that upon searching the house they found another individual who said she was a baby sitter, along with approximately 200 lbs. of suspected marijuana; that upon arrival of other police officers that the rear panel of the truck was broken into and searched and that between 1200 and 1300 lbs. of marijuana were found in the truck.

The other witness for the state, Sergeant Loumakis of the Atlanta Narcotic Squad, testified that "we had a consent to search 4554 Club Drive," that the consent was to search Marisa Holt's house; that [she] was the person that delivered to me the night before 100 lbs. of marijuana." The witness stated when he arrived at the address in question, Special Agent Wayne Smith and Hubbard of Metro were there; that when other officers of the Atlanta Police Department arrived with the consent to search they proceeded into the house and also opened the truck. The witness stated that he did not take part in the stopping of the van; that the defendant was already out of the truck and standing along the side of it at the time he arrived. He stated that when he approached within 10 ft. of the truck he could detect a strong odor of marijuana.

The consent to search was ruled inadmissible. *Held:*
"It is not required that the officer have legal evidence of the suspected act, and it is not necessary that he be convinced of the violation beyond a reasonable doubt, the limit of the requirement is that the facts which have come to the officer's attention would lead a

reasonably discreet and prudent man, in the same circumstances, to believe that contraband is illegally possessed in the vehicle to be searched." 79 CJS 839, Searches and Seizures, § 66.

Georgia has recognized that less stringent requirements apply to a warrantless search of an automobile than to a permanent dwelling. *Underhill v. State,* 129 Ga. App. 65, 68 (198 SE2d 703). Accord: *Johnson v. State,* 125 Ga. App. 93, 94 (189 SE2d 900); *Gondor v. State,* 129 Ga. App. 665 (1) (200 SE2d 477).

"[I]t is also true under some circumstances that the 'right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.' Carroll v. United States, 267 U. S. 132, 158 (45 SC 280, 69 LE 543, 39 ALR 790)." *Anderson v. State,* 123 Ga. App. 57, 59 (179 SE2d 286).

Information furnished between members of a police department conducting a common investigation may be considered as grounds authorizing a search. *Buck v. State,* 127 Ga. App. 72, 74 (192 SE2d 432); *Meneghan v. State,* 132 Ga. App. 380, 383 (208 SE2d 150); United States v. Ventresca, 380 U. S. 102, 110 (85 SC 741, 13 LE2d 684); United States v. Simon, 409 F2d 474, 476. Furthermore, such information is presumed to be reliable. *Caudell v. State,* 129 Ga. App. 229, 230 (199 SE2d 550), and *Quinn v. State,* 132 Ga. App. 395, 396 (208 SE2d 263).

Counsel for the defendant urges that there was no basis for an arrest of the defendant and thus since the arrest was illegal that a search conducted pursuant thereto was also illegal.

There is some uncertainty as to whether the mere stopping of a person and his vehicle constitutes an arrest or a detention (with commensurate rules to be applied depending on whether the action of the officers constitutes an arrest or detention) and as to right of officers to stop and then search a vehicle. See for example *Anderson v. State,* 123 Ga. App. 57, 60, supra; *Holtzendorf v. State,* 125 Ga. App. 747, 750 (188 SE2d 879); *Bethea v. State,* 127 Ga. App. 97 (192 SE2d 554); *Connor v. State,* 130 Ga. App. 74 (202 SE2d 200); *Rogers v. State,* 131 Ga.

App. 136 (205 SE2d 901).

"In Terry [Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889)] this court recognized that 'a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.' . . . The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response . . . A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." Adams v. Williams, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612).

We note that recent U. S. Supreme Court decisions have enlarged the right of law enforcement officers to search incident to traffic arrests. Robinson v. State, 414 U. S. 218 (94 SC 467, 94 SC 494, 38 LE2d 427); Gustafson v. Florida, 414 U. S. 260 (94 SC 488, 38 LE2d 456). See also State v. Swift, 232 Ga. 535 (207 SE2d 459).

Here, however, the officials of the police department apparently had information that the owner of the house had 100 lbs. of marijuana. This was certainly grounds to assume that there was additional marijuana in the house and with the other information gained was sufficient to authorize a search. Although all of the information was not available to Wayne Smith who actually stopped the defendant, still the information was known by the officials of the department and its reliability was further evidenced by the fact that a white panel truck did come to the house. Hence, there was a reasonable basis for the officer to assume that the panel truck might be carrying the contraband out of the house at the time it attempted to leave. Under all the circumstances that existed in this case, we cannot hold that there was not probable cause to conduct the search in question. See Register v. State, 124 Ga. App. 136 (183 SE2d 68). We note that as Judge Clark has pointed out, by special concurrence in the

previous appearance of this case, the fact that the officers smelled the marijuana would be a basis for their investigating further. *Cunningham v. State,* 131 Ga. App. 133, 136 (205 SE2d 899). See *Rogers v. State,* 131 Ga. 136, 139, supra. Thus, the judgment of the trial court must be affirmed.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

DECIDED OCTOBER 15, 1974 — REHEARING DENIED NOVEMBER 12, 1974 — ■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Thomas H. Harper, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Raoul Lerow, Morris H. Rosenberg, Assistant District Attorneys,* for appellee.