## 50252. YAWN v. THE STATE.

DEEN, Presiding Judge.

1. Under the decision in *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286) the officer had a right to stop the defendant for a routine check when he saw him driving away from what appears from the evidence here to have been a closed pool hall and building at approximately 4:45 a.m.

2. The only evidence that the defendant possessed marijuana is the testimony of the state's witness that while he took the defendant to the police station for the purpose of administering a chemical test to determine the amount of alcohol in his blood (Ga. L. 1974, pp. 633, 672; Code Ann. § 68A-902.1) the vehicle was searched by another police officer who later informed him he had discovered marijuana therein. The statement is hearsay, since the witness was not present but was in the station with the defendant while the car was allegedly being searched. Accordingly, it was error to deny the motion to suppress.

3. From the record before us it does not appear that the defendant was arrested for any offense prior to being taken to the police station, or that he consented to go voluntarily. Consent to have the test administered is presumed only where the defendant has been "lawfully arrested for any offense allegedly committed while the

person was driving or operating a vehicle under the influence of intoxicating liquor" and is always "incidental to a lawful arrest." Code Ann. § 68-1625.1. We do not pass on the issue of whether the defendant was under lawful arrest at the time the vehicle was searched.

4. The odor of marijuana smoke is not, in and of itself, sufficient to afford probable cause for a warrantless search, but it may be considered and may be a part of a totality of circumstances sufficient to validate one. *Brewer v. State,* 129 Ga. App. 118, 120 (199 SE2d 109) as modified by *Rogers v. State,* 131 Ga. App. 136, 139 (205 SE2d 901) and *Cunningham v. State,* 131 Ga. App. 133, 136 (205 SE2d 899).

The trial court erred in denying the motion to suppress the evidence of a quantity of marijuana allegedly discovered in the defendant's automobile.

*Judgment reversed. Evans and Stolz, JJ., concur.*

Submitted February 11, 1975 -— Decided February 20, 1975.

*Lovett & New, Walter H. New,* for appellant.

*H. Lamar Cole, District Attorney, William O. Hitchcock, Assistant District Attorney,* for appellee.