## 51439. COOK v. THE STATE.

STOLZ, Judge.

On July 8, 1974, two undercover detectives from the Atlanta Narcotics Squad approached three men whom they had observed receiving money in what the detectives believed to be a drug transaction. When the men saw the approaching detectives, whom they recognized from a previous contact, they jumped into a car and sped off. The detectives finally stopped the speeding vehicle and upon approaching the car, noted a marijuana odor, whereupon they told the occupants to get out of the vehicle. As the defendants climbed out, the officers saw several cellophane bags on the floorboard and a hole in the floor of the vehicle. One detective stated that he recognized the contents of the bags as marijuana residue, although the other officer testified that he could not identify the contents until he picked up the bags. The defendants were arrested and the car searched; several other bags of marijuana and marijuana residue were discovered.

At trial, one of the defendants, Robin Lee Wallace, admitted that the marijuana was his; defendant Cook denied possession or knowledge of the drugs. The judge sitting without a jury found all three men guilty. This is

an appeal by defendant Cook from his conviction for possession of more than an ounce of marijuana.

1. The appellant contends that the judge erred in denying his motion to suppress, since the detectives did not have probable cause to search the car. While it is true that the stopping and subsequent search of an auto on the sole pretext of traffic violations is impermissible (*Rowland v. State,* 117 Ga. App. 577 (161 SE2d 422)), that rationale is inapplicable where additional facts lead the officer to believe that there is contraband in the vehicle. *Rogers v. State,* 131 Ga. App. 136, 139 (205 SE2d 901); *Gondor v. State,* 129 Ga. App. 665 (1) (200 SE2d 477) and cits. Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction. See, e.g., *Cunningham v. State,* 133 Ga. App. 305 (211 SE2d 150); *Yawn v. State,* 134 Ga. App. 77 (213 SE2d 178).

In the case before us, appellant Cook was one of three men who, upon seeing the approaching officers, jumped into a car and sped off. We have repeatedly held that flight in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest or search. See, e.g., *Green v. State,* 127 Ga. App. 713, 715 (194 SE2d 678) and cits. Observing a money exchange, smelling marijuana odor and seeing cellophane bags inside the stopped vehicle, were, when viewed in the aggregate, sufficient to warrant a further investigation of the automobile. Hence, this enumeration of error is without merit.

2. Possession, as we know it, is the right to exercise power over a corporeal thing; as such, possession may be actual or constructive so long as it is immediate. See *Brewer v. State,* 129 Ga. App. 118, 122 (199 SE2d 109); *Neal v. State,* 130 Ga. App. 708, 711 (204 SE2d 451). At trial, defendant Cook admitted that he knew that the approaching men were detectives before he got into the car to drive away. Cook testified that, while in the car, he heard one companion tell the other "to put that ounce out of the hole," although he never saw the marijuana in question. Nevertheless, the appellant never requested nor attempted to leave the car. Recently, we held that flight from the police with a knapsack known to contain

drugs, was evidence of a defendant's guilt sufficient to support a conviction. *Haire v. State,* 133 Ga. App. 12 (209 SE2d 681). On the facts before us now, we cannot say that the trial court was not authorized to find that defendant Cook, together with his companions, was in possession and control of the marijuana found in the car.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED OCTOBER 29, 1975 — DECIDED NOVEMBER 21, 1975 — REHEARING DENIED DECEMBER 4, 1975.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney,* for appellee.