## 57885. PARKS v. THE STATE.

CARLEY, Judge.

Appellant brings this appeal from the denial of his motion to suppress marijuana seized during a warrantless search of his automobile. We affirm.

1. Appellant was stopped for "excessive speed" by a highway patrolman and was asked to present his driver's license. The officer inquired as to the reasons why appellant had been driving in excess of the speed limit and, after some discussion, he approached the front of appellant's car to check for a valid inspection sticker. It was then that the patrolman "noticed in the seat and on the floor board what appeared to be marijuana seeds." Appellant was then placed under arrest for speeding and possession of marijuana, handcuffed and placed in the patrol car. The officer returned to appellant's car and, after a thorough search, discovered marijuana in a bag under the passenger's seat.

Appellant first urges that his motion to suppress should have been granted because the search and seizure of the marijuana cannot be upheld as "incident to an arrest" because at the time the contraband was discovered he was restrained in the patrol car and not "within the immediate control" of the area searched. See Chimel v. California, 395 U. S. 752 (89 SC 2034, 23 LE2d 685) (1969). The cases express differing opinions as to the scope of the search of an automobile incident to an arrest when the arrested party is not physically present in or near the vehicle. Compare United States v. Edwards, 554 F2d 1331 (5th Cir. 1977), with *Glover v. State,* 139 Ga. App. 162, 163 (2) (227 SE2d 921) (1976). However, we need not decide whether this was a valid search incident to arrest for, as in Chambers v. Maroney, 399 U. S. 42, 47 (90 SC 1975, 26 LE2d 419) (1970), "[t]here are . . . alternative grounds arguably justifying the search of the car in this case."

This appeal falls within that category of cases in which "the circumstances justifying the arrest also furnished probable cause for the search. [Cits.]" *Phillips v. State,* 233 Ga. 800, 803 (213 SE2d 664) (1975). Appellant's initial detention for speeding was proper and has not been

questioned. The officer's subsequent approach of appellant's automobile to determine the display of a valid inspection sticker was likewise proper. Code Ann. § 27-222. It was at this point that, in plain view, the officer observed marijuana seeds, immediately apparent to him as contraband, the possession of which was in violation of Code Ann. § 79A-811 (j). See Code Ann. § 79A-802 (o). Compare *Cook v. State,* 134 Ga. App. 712, 715 (5) (215 SE2d 728) (1975). Thus the crime of possessing marijuana was being committed in the presence of the officer and there was probable cause to arrest appellant without a warrant. Code Ann. § 27-207 (a). And in addition, observation of the marijuana seeds in plain sight also furnished probable cause to believe that other contraband might be located in the automobile, authorizing the officer to conduct a search thereof without a warrant. *Carney v. State,* 145 Ga. App. 660 (244 SE2d 603) (1978); *Phillips v. State,* 233 Ga. at 803, supra. See also *Williams v. State,* 129 Ga. App. 103, 105 (1) (198 SE2d 683) (1973); *Caito v. State,* 130 Ga. App. 831 (204 SE2d 765) (1974); *Walker v. State,* 130 Ga. App. 860 (205 SE2d 49) (1974). Therefore, denial of appellant's motion to suppress the marijuana found under the automobile seat was not error for the reason urged.

2. Appellant next argues that the motion should have been granted because the marijuana seeds, the basis for probable cause to conduct the more thorough search of his automobile, were not introduced into evidence. Appellant cites no authority for the proposition that where the state relies upon physical evidence to show probable cause it must be produced on the hearing of a motion to suppress. Appellant's argument on this point, however, may be summarized by stating that he denied the existence of marijuana seeds in his car and that his testimony was in conflict with the officer's testimony that the seeds were in "plain view;" he also urges that the patrolman's testimony with reference to the seeds was contradictory. The officer testified that the seeds were in "plain view" and were readily identifiable to him as contraband. He also testified that he removed seeds from the car and placed them into the bag which contained the marijuana; thus, there was testimony that the seeds *were*

included in the evidence sought to be suppressed. In short, there was a conflict in the evidence as to whether the contraband was in fact within the officer's "plain view" and the trial judge resolved this conflict by finding that the seeds were in such "plain view." It was not error to deny appellant's motion to suppress the evidence. *State v. Swift,* 232 Ga. 535, 536 (2) (207 SE2d 459) (1974). "The credibility of the witness is for the trial judge's determination. [Cits.] His judgment will 'not be disturbed by a reviewing court if there is any evidence to support it.' [Cit.] Therefore, where there is a conflict in the evidence on the motion to suppress, the ruling of the trial court will be upheld where there is any evidence to authorize a finding in support of his order. [Cits.]" *Brisendine v. State,* 130 Ga. App. 249, 250 (1) (203 SE2d 308) (1973).

*Judgment affirmed. Deen, C. J., and Quillian, P. J., concur. Shulman, J., not participating.*

SUBMITTED MAY 8, 1979 — DECIDED JUNE 22, 1979.

*Lloyd D. Murray,* for appellant.
*Dupont K. Cheney, District Attorney, Kenneth R. Carswell, Assistant District Attorney,* for appellee.