## 58837. THE STATE v. MEDDERS.

Quillian, Presiding Judge.

The state appeals from the grant of the defendant's motion to suppress evidence seized at the time of his arrest. *Held:*

Officer Cox of the Atlanta Police Department observed the defendant and another person leave the back of a restaurant, light up a cigarette and then "they started passing it back and forth between" them. The officer detected the odor of burning marijuana. He moved closer and confirmed his opinion that the odor was that of marijuana. At that point the defendant and his companion saw the officer and the defendant "crunched [the cigarette] with his fingers." The officer took the cigarette out of defendant's hand. It was a marijuana cigarette and the defendant was placed under arrest. A

subsequent search of the defendant revealed more marijuana in an envelope in his pocket.

The defendant argues that there was insufficient "probable cause to arrest for a crime committed in [the officer's] presence." We do not agree. Although there is some controversy as to whether or not the odor of burning marijuana by itself supplies sufficient probable cause for a search or an arrest (See *Brewer v. State,* 129 Ga. App. 118, 120 (199 SE2d 109); *Cunningham v. State,* 131 Ga. App. 133, 136 (205 SE2d 899) (concurring opinion) (revd. on other grounds 232 Ga. 416); *Rogers v. State,* 131 Ga. App. 136, 139 (205 SE2d 901); *Cunningham v. State,* 133 Ga. App. 305, 310 (211 SE2d 150); *Yawn v. State,* 134 Ga. App. 77 (4) (213 SE2d 178)), all opinions of this court are in agreement that "it may be considered and may be a part of a totality of circumstances sufficient to validate one." *Yawn v. State,* 134 Ga. App. 77 (4), supra.

In the instant case, a trained law enforcement officer seeing two individuals passing one cigarette back and forth between them (*Culpepper v. State,* 132 Ga. App. 733 (1) (209 SE2d 18)), recognizing the distinctive odor of burning marijuana (*Rogers v. State,* 131 Ga. App. 136, 139, supra), and seeing the unusual and obvious concealment movement of crushing the cigarette and placing it in his hand (See *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37); *Rogers v. State,* 131 Ga. App. 136, 139, supra; *Culpepper v. State,* 132 Ga. App. 733 (1), supra), provided a totality of circumstances which established probable cause to search. *Yawn v. State,* 134 Ga. App. 77 (4), supra. The subsequent finding of the marijuana cigarette in the hand of the defendant was sufficient cause for his arrest. The following search of his person was permissible as being made in conjunction with the lawful arrest. United States v. Robinson, 414 U. S. 218, 224 (94 SC 467, 38 LE2d 427).

*"[W]here there is a conflict in the evidence* on the motion to suppress, the ruling of the trial court will be upheld where there is evidence to authorize a finding in support of his order." (Emphasis supplied.) *State v. Swift,* 232 Ga. 535 (2) (207 SE2d 459); *Woodruff v. State,* 233 Ga. 840 (3) (213 SE2d 689); *Parks v. State,* 150 Ga. App. 446, 448 (2) (258 SE2d 66). The Georgia Supreme Court cites Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618), as the

fountainhead for the doctrine of the standard to apply by an appellate court in reviewing a decision of a trial court on suppression of evidence. Lego, supra, was based on "a pretrial suppression hearing at which *conflicting evidence was presented as to the voluntariness* of a confession . . ." (Emphasis supplied.) However, in the instant case there was no conflict in the evidence presented. There was only a question of law as to whether the evidence established probable cause to arrest or search for a crime committed in the presence of the officer. Clearly, if there had been a conflict in the evidence, the trial court's decisions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. Lego v. Twomey, 404 U. S. 477, supra; *Woodruff v. State,* 233 Ga. 840 (3), supra. In *State v. Perry,* 234 Ga. 842, 844 (218 SE2d 559), the Supreme Court analyzed the evidence presented to the trial court — which suppressed the evidence, and held that "the Court of Appeals erred in holding that there was not sufficient probable cause for the warrantless arrest." We find, in view of the clear and unimpeached testimony of the police officer — who had "hundreds" of arrests involving marijuana and was "well familiar with the smell of marijuana from [his] previous experience," that probable cause to search and arrest was fully established, and the ruling of the trial court was clearly erroneous. See *Woodruff v. State,* 233 Ga. 840 (3), supra; *State v. Perry,* 234 Ga. 842, supra; *State v. Handspike,* 240 Ga. 176 (240 SE2d 1); *State v. Carter,* 240 Ga. 518 (242 SE2d 28).

*Judgment reversed. Deen, C. J., McMurray, P. J., Shulman, Banke, Birdsong, Carley and Sognier, JJ., concur. Smith, J., dissents.*

ARGUED NOVEMBER 19, 1979 — DECIDED FEBRUARY 29, 1980.

*Hinson McAuliffe, Solicitor, Charles R. Hadaway, Assistant Solicitor,* for appellant.
*Wendell J. Helton, Steve W. Reighard,* for appellee.

SMITH, Judge, dissenting.
I would affirm the trial court's order granting Medders' motion to suppress.

This court has held many times that "any evidence" will support a trial court's denial of a motion to suppress. For reasons set forth in my dissenting opinion in *Jones v. State,* 146 Ga. App. 88 (245 SE2d 449) (1978), I believe the "clearly erroneous" test is the proper standard of review. However, even assuming that the "any evidence" rule provides an appropriate standard of review in the case of a denial of a motion to suppress, it is inconceivable that a different standard applies where the grant of a motion to suppress is before this court. Yet, in my view, this is the import of the majority opinion. Under the facts and circumstances of this case, the trial court was not "clearly erroneous" in granting appellee's motion to suppress. Necessarily, there was "some evidence" in support of the trial court's determination.

It is well established that, on a motion to suppress, the trial judge, as a finder of fact, is authorized to resolve any conflicts in the testimony, evaluate the demeanor of the witnesses, and take into consideration the totality of the circumstances surrounding the search and seizure in arriving at his finding. *Hatcher v. State,* 141 Ga. App. 756 (234 SE2d 388) (1977); *Brooks v. State,* 129 Ga. App. 393 (199 SE2d 578) (1973); *Kelly v. State,* 129 Ga. App. 131 (198 SE2d 910) (1973). In contrast, the appellate courts must make their determination on the basis of the record.

The record in this case supports the trial court's determination that appellant was arrested on a mere "hunch." The arresting officer "waffled" in his testimony. At one point, he said he smelled marijuana. At another, he stated he smelled what he thought was marijuana. Finally, he stated he did not know that the substance seized from appellant was marijuana until he received the crime lab report.

After hearing the evidence and evaluating the witnesses, the trial court rejected the state's "downwind" theory of probable cause. See *State v. Smith,* 137 Ga. App. 101 (223 SE2d 30) (1975). "In the absence of evidence of record demanding a finding contrary to the judge's determination, this court will not reverse the ruling sustaining a motion to suppress." *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975). The evidence of record in the case at bar does not demand a finding contrary to the

trial court's determination. "Not being clearly erroneous, the trial court's fact and creditability determinations on this motion must be accepted." *Strickland v. State,* 153 Ga. App. 51 (1980).