## 64909. BROOKER v. THE STATE.

QUILLIAN, Chief Judge.

The defendant, Lee C. Brooker, appeals his conviction for possession of more than one ounce of marijuana in violation of the Georgia Controlled Substances Act. *Held:*

1. The defendant moved to suppress marijuana found in his two suitcases following a conversation between Brooker and DEA Agent Markonni. Agent Markonni, a DEA agent on duty at the Atlanta International Airport on October 10, 1981, observed defendant Brooker deplane from an incoming Delta flight from West Palm Beach, Florida. Markonni saw Brooker approach the Delta ticket counter and inquire about a connecting flight to Seattle. Agent Markonni decided to see what was on the ticket surrendered by Brooker. The name on the ticket was Lee Brooker and it had two baggage claim checks attached to his envelope. He asked the Delta reservation clerk to call up the computer display which showed that the ticket cost $541 and was paid for in cash. The reservation was made approximately 12 hours before departure time. A reservation call-back number was given and a call to that number was not answered. Brooker's final destination was Anchorage, Alaska. West Palm Beach was a drug source city and in a discussion with west coast DEA agents, Markonni had learned that Anchorage had become a "hot spot" for drugs. Markonni decided, from his training and experience, and use of the known characteristics of the Drug Courier Profile, that he should have a talk with Brooker.

Markonni was casually dressed, not in uniform, and although he was carrying a weapon it was not visible. He sat down beside Brooker and showed him his identification as a Federal officer. "He appeared to look startled when I identified myself." Markonni asked Brooker's name and for identification. Brooker identified himself with an Alaska driver's license. Markonni asked him how long he had been in West Palm Beach. Brooker stated that he had been there a week on a pleasure trip. Markonni thanked him and walked away, but out of the corner of his eye saw Brooker continuing to look at him. Markonni thought that perhaps he had cut the interview too short and that perhaps Brooker was more than just a little nervous. At this point Markonni decided to look at Brooker's luggage. He testified that you can tell a lot about a drug courier's luggage. They will not place drugs in a folding garment bag nor will they use a flimsy piece of luggage. Markonni sought out the chief Delta baggage agent and advised him he was looking for two suitcases belonging to Brooker and they were on the incoming flight from West Palm Beach and being rerouted to Seattle and Anchorage. The agent pointed out the cart that they

would be on and he looked inside. He saw two large new Samsonite suitcases. Each had the defendant's name on the identification label. He placed his nose on the seam of both closed suitcases and smelled the unmistakable odor of marijuana. He told the Delta agent to take both suitcases and keep them in his custody.

Markonni again spoke to Brooker and asked for his consent to search both of the suitcases. Brooker asked him if he was going to search them anyway and Markonni then read him his rights from a card. Brooker refused to consent to the search and Markonni arrested him. Brooker and his bags were taken to the Clayton County jail and Markonni obtained a search warrant for the suitcases. Seven large packages of compressed marijuana were found inside — which weighed approximately 67 pounds and 10 ounces in gross weight — which included the packaging.

" 'In all situations the officer is entitled to assess the facts in light of his experience.' " United States v. Mendenhall, 446 U. S. 544, 564 (100 SC 1870, 64 LE2d 497). The reasonable suspicion engendered in a trained law enforcement officer frequently arises from conduct which would appear to be innocent to the untrained observer. Brown v. Texas, 443 U. S. 47 (99 SC 2637, 61 LE2d 357). Thus, use of the DEA developed Drug Courier Profile can provide sufficient articulable and reasonable suspicion to authorize a "Terry-type" stop. United States v. Mendenhall, 446 U. S. 544 at 562-563. The first encounter took place in the airport concourse. The agent wore no uniform and displayed no weapon. He did not summon defendant to him but casually approached the defendant where he sat and identified himself. His brief questioning was restricted solely to the circumstances which provoked the suspicion. United States v. Brignoni-Ponce, 422 U. S. 873, 881 (95 SC 2574, 45 LE2d 607). "Such conduct, without more, did not amount to an intrusion upon any constitutionally protected interest." United States v. Mendenhall, 446 U. S. 544, 555, supra.

Markonni was in a place where he was authorized to be when he examined Brooker's luggage. A law enforcement officer is expected to use all of his senses in an attempt to gain knowledge of the commission of a crime. Lynn v. State, 130 Ga. App. 646 (1) (204 SE2d 346). "Hence, odor as well as sight, hearing, taste or touch can be used in establishing probable cause." Berry v. State, 163 Ga. App. 705, 708 (294 SE2d 562). The U. S. Supreme Court held "[i]f the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify issuance of a search warrant. Indeed it might very well be found to be evidence of most persuasive

character." Johnson v. United States, 333 U. S. 10, I (68 SC 367, 92 LE 436).

This Court has decided that "[a]lthough there is some controversy as to whether or not the odor of burning marijuana by itself supplies sufficient probable cause for a search or an arrest [cits.] all opinions of this court are in agreement that 'it may be considered and may be a part of a totality of circumstances sufficient to validate one.' " *State v. Medders,* 153 Ga. App. 680, 681 (266 SE2d 331); accord: *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37); *Rogers v. State,* 131 Ga. App. 136 (3) (205 SE2d 901); *Culpepper v. State,* 132 Ga. App. 733 (1) (209 SE2d 18); *Yawn v. State,* 134 Ga. App. 77 (4) (213 SE2d 178). We reached this conclusion because "[p]robable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction." *Cook v. State,* 136 Ga. App. 908, 909 (222 SE2d 656). Under the totality of circumstances here, the reasonable suspicion arising from defendant's actions matching the known characteristics of the Drug Courier Profile, and the positive identification of the unmistakable odor of marijuana, Markonni had probable cause for concluding the defendant was in possession of marijuana — in violation of the Georgia Controlled Substances Act. *Berry v. State,* 163 Ga. App. 705, supra. We find that probable cause existed for the search warrant and the trial court did not err in denying defendant's motion to suppress.

2. The defendant contends the two suitcases were unlawfully seized "when Agent Markonni put his hands on the two bags to check the claim and routing tickets and lifted the bags to determine their weight. Agent Markonni did this prior to putting his nose down to the seam area of the suitcases . . ."

Agent Markonni's testimony at the hearing on the Motion to Suppress and the Committal Hearing were the same. It was explicit that (1) he identified the bags as belonging to the defendant, (2) he placed his nose on the seams of both suitcases while they were still in the luggage carrier, and (3) after detecting and identifying the odor of marijuana he picked up the bags to see how much they weighed. Thus, the testimony before the court when it ruled on the Motion to Suppress does not support the assertion of the defendant. The defendant renewed his Motion to Suppress at the beginning of the trial and it was again overruled. Subsequent to this second ruling Agent Markonni testified at trial and his testimony is susceptible to the interpretation now placed on it by the defendant for the first time on appeal. However, after Agent Markonni testified on direct examination, counsel for the defendant asked him: "Q. You testified

that after you smelled the suitcases and you tried to lift them and you got some estimate of their weight, that you asked one of the Delta employees to take them into custody and to take them somewhere else, that is correct? A. Well, not so much take them into custody, just keep them in his custody so that no one could later say that I had occasion to be with the suitcases by myself and might have taken a peek."

First, we do not find that an investigating officer taking a look at, or the touching of, identification labels on the defendant's suitcases — while they were in transit in the possession of a common carrier at a public airport, constitutes a seizure of that property. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." Katz v. United States, 389 U. S. 347, 351 (88 SC 507, 19 LE2d 576). It is clear from Markonni's testimony that Delta cooperated fully with the DEA in investigation of suspects utilizing Delta to transport contraband. Thus, the DEA agent was in a place where he was authorized to be when he observed the identification labels on defendant's luggage which were in plain view in a public place.

Secondly, the ground enumerated here as error was never raised in the trial court — neither at the motion to suppress nor at the subsequent trial after the testimony was given. Markonni was never cross-examined about this possible discrepancy. Counsel has waited until this appeal to argue the inferences. Under our appellate procedure " '[a] reason why evidence should not be admitted will not be considered on appeal unless the reason was urged below.' " Downs v. State, 145 Ga. App. 583, 587 (3) (244 SE2d 109); Moore v. State, 158 Ga. App. 342 (2) (280 SE2d 170). " ' "He must stand or fall upon the position taken in the trial court." ' " Bell v. Sellers, 248 Ga. 424, 426 (283 SE2d 877). This enumeration is without merit.

3. The trial court did not err in refusing to strike the testimony of Agent Markonni on the basis that his decision to question the defendant at the Atlanta airport was based "on an inchoate and unparticularized hunch or suspicion . . ." Defendant cites Reid v. Georgia, 448 U. S. 438 (100 SC 2752, 65 LE2d 890) as authority for his claim of error. Examination of Reid shows only that the DEA agent there "could not, as a matter of law have reasonably suspected [the defendant] of criminal activity on the basis of the observed characteristics" in that particular case — which consisted of one man looking back over his shoulder at another man as they proceeded through the airport concourse, after they had arrived from a drug source city and were carrying only hand luggage.

The Supreme Court also examined this same issue in more

depth in United States v. Mendenhall, 446 U. S. 544, supra. There, they approved a "Terry-type" stop so long as the individual could reasonably conclude he was free to proceed. The court concluded that no seizure of the person occurred under similar factual circumstances to the instant case.

4. We have examined the remaining enumerations and find no reversible error.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 23, 1982 —
REHEARING DENIED DECEMBER 15, 1982.

*Gordon Hiles,* for appellant.
*Robert E. Keller, District Attorney, Michael Anderson, William L. McKinnon, Jr., Assistant District Attorneys,* for appellee.