A89A1407. MILLER v. THE STATE.
(384 SE2d 437)

DEEN, Presiding Judge.

Drug Enforcement Administration (DEA) agent Paul Markonni observed appellant Miller as he deplaned in Atlanta from a flight originating in Miami, Florida, a known "drug source" city. The agent noted certain features of Miller's appearance and conduct which evoked in Markonni's mind the "drug courier profile" developed by the DEA: coming from a "drug source" city, concealing the front of his body with an overcoat on his arm and a hanging shirt tail, and an inconsistent response to a call made by another agent to the Mobile, Alabama, call-back number obtained from airline personnel ("Jim just stepped out"). Markonni and another law enforcement officer, neither of them wearing a uniform or displaying weapons, approached appellant on the public concourse, presented credentials, and asked to speak with Miller. Miller agreed, and Markonni asked to see his ticket, which was a one-way ticket purchased with cash in the name of "Jim Miller." The officers learned that Miler had no checked baggage and then asked for identification; Miller said he had none with

him. All of the above discoveries intensified the officers' suspicions that Miller was a courier.

Upon being asked for permission to conduct a search, Miller agreed, and en route to the designated private area the officer noticed protruding from Miller's back pocket an address book, which turned out to contain a driver's license in the name of "Willie Earl Miller." Miller then equivocated concerning his prior consent to the search, and Markonni arrested him for giving a false name with the intent to mislead. See OCGA § 16-10-25. A search incident to the arrest revealed the presence of more than 140 grams of cocaine.

At the time of the arrest Miller had protested that he always went by the name "Jim Miller" rather than "Willie Earl Miller." At the hearing on the motion to suppress the court found that, although "Jim Miller" might have been a lifelong nickname, Miller's refusal to produce identification in any name was evidence of an intent to mislead the officers.

In a stipulated bench trial Miller was acquitted on the false name charge but convicted on the cocaine charge. On appeal he enumerates as error the denial of his motion to suppress. *Held*:

As Agent Markonni, the "grand old man" of Atlanta airport drug cases, acknowledged at the hearing on the motion to suppress, very few, if any, of the single characteristics that compose the "drug courier profile" would alone be sufficient to constitute probable cause for arrest. "Probable cause[, however,] need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction." *Cook v. State*, 136 Ga. App. 908, 909 (222 SE2d 656) (1975).

Review of the record in the instant case indicates that neither the fact that appellant was arriving from Miami, nor that his abdomen was covered by both a shirt and a long coat, nor even that the respondent at the call-back number either knowingly or innocently gave erroneous information as to Miller's whereabouts, would alone rise to the level of probable cause. Nor, in our opinion, would the alleged providing of an incorrect name, given the circumstances in the instant case. Likewise, a one-way ticket paid for in cash can be innocuous. Construing the evidence in favor of the verdict, however, as we are bound to do, and bearing in mind that determination of the witnesses' credibility is the prerogative of the factfinder, whose decision must not be disturbed unless clearly erroneous, we must agree that in the totality of the circumstances there was probable cause for arrest. The search incident to arrest was therefore valid. The trial court did not err in denying the motion to suppress, and appellant's enumeration of error is without merit.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED JULY 10, 1989.

*William E. Frey*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.