## 56288. BAILEY v. THE STATE.

SHULMAN, Judge.

Enumerating as error the denial of his motion to suppress evidence and the admission into evidence of marijuana seized from his car, appellant brings this appeal from his conviction for possession of marijuana.

The deputy sheriff who arrested appellant testified that he received a call from a reliable informant whose tips had, in the past, resulted in arrests and convictions for drug offenses. The informant stated that he had seen a large quantity of marijuana in appellant's car. The tip included a detailed description of appellant's car, the location of the car, and the fact that appellant was carrying a pistol. The witness went to the location named and found there a car meeting the description given by the informant. The witness then moved some 300 yards away and maintained surveillance of the car. After three hours, appellant drove up in another car, stopped, opened the trunk of the first car, removed a bundle which he placed in the second car, and drove away. The witness followed, clocked appellant's speed at 45 miles per hour in a 30-mile-per-hour zone and stopped appellant. Appellant, as the informant had said, had a pistol in his coat pocket. The witness arrested appellant for speeding and carrying a concealed weapon, and then took the bundle from the car. It contained marijuana. Appellant was taken to jail and then to the location of the first car. There, according to the witness, appellant, upon being informed that the police wished to search the trunk of the car and would get a warrant if he did not desire to consent to a search, unlocked the trunk and took out a package containing marijuana.

1. We find no error in the denial of appellant's motion to suppress.

The informant's tip met the standards for hearsay information used to establish probable cause: the informant's reliability was established by the reliability of previous tips; the reliability of the information was established by the informant's statement that he had seen the marijuana in appellant's car. *State v. Perry,* 234 Ga. 842 (218 SE2d 559). Additional corroboration for the tip

came when appellant came to the parked car at 11 p.m. and removed a package from the trunk and took it with him. Finally, the presence on appellant's person of a pistol further verified the details of the informant's tip. Under those circumstances, the search of the car appellant was driving was based upon probable cause to believe appellant was transporting contraband therein.

Appellant claims that the subsequent search of the parked car was illegal because there was no warrant for the search and appellant's alleged consent was the product of coercion.

The evidence shows that appellant was taken to the location of his parked car and was told that the police wanted to search it. Appellant and the police testified that appellant was told that if he would not consent to a search of the vehicle, the police would procure a search warrant. That threat, appellant urges, amounted to duress which invalidated his alleged consent. That issue is controlled adversely to appellant by *Code v. State*, 234 Ga. 90 (III) (214 SE2d 873), wherein the Supreme Court held that such a statement, being true, would not invalidate a consent to search. The probable cause to search the parked car was established by the same facts which established probable cause to search the car appellant was driving, and was further bolstered by the fact that the marijuana found in the first car was less than the amount reported to be in the parked car. The evidence presented to the trial court authorized its finding that the consent was voluntarily given. There was, therefore, no error in denying appellant's motion to suppress the evidence taken from the two cars.

2. Appellant's second enumeration of error complains of the trial court's ruling admitting into evidence the marijuana taken from appellant. The basis of that argument was that the searches were illegal, the reasons given for the alleged illegality being the same ones advanced in support of the motion to suppress. Since we have held that the searches here were not illegal, this enumeration of error is without merit.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED SEPTEMBER 18, 1978 — DECIDED OCTOBER 18, 1978.

*H. J. Thomas, Jr., James E. Weldon,* for appellant.
*William F. Lee, Jr., District Attorney, Michael G. Kam, Assistant District Attorney,* for appellee.