## 58902. CULBRETH et al. v. THE STATE.

SHULMAN, Judge.
While executing a warrant authorizing the search of defendants' premises and persons for specified controlled substances, an investigating officer opened a woman's purse and removed therefrom identification cards which were not in the name of either defendant. When another officer recognized the cards as being reported stolen, the purse and its contents were seized as contraband. The denial of defendants' motion to suppress this evidence forms the subject of this appeal. We affirm.

"In Georgia 'when the peace officer is in the process of effecting a lawful search,' he may discover or seize 'any stolen or embezzled property, any item, substance, object, thing or matter, the possession of which is unlawful, or any item, substance, object, thing or matter, other than the private papers of any person, which is tangible evidence of the commission of a crime against the laws of the State of Georgia.' Ga. L. 1966, pp. 567, 568; Code Ann. § 27-303 (e)." *Stanley v. State,* 224 Ga. 259, 260 (161 SE2d 309), revd. on other grounds, Stanley v. Georgia, 394 U. S. 557 (89 SC 1243, 22 LE2d 542).

Since the officer did not exceed the permissible bounds of the authorized search in searching the purse or reading identification cards contained therein (Dudley v. United States, 320 FSupp. 456 (11, 12) (N. D. Ga. 1970); cf. *Mooney v. State,* 243 Ga. 373, 378-383 (254 SE2d 337), noting that an officer who is properly searching the accused's personal effects for weapons or contraband is not required to ignore the contents of papers which constitute personal effects), and since the officers executing the warrant knew the items were contraband

(see, e.g., Dudley v. United States, supra; *Allen v. State,* 140 Ga. App. 828 (2) (232 SE2d 250)), the trial court properly refused to grant the motion to suppress.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED NOVEMBER 6, 1979 — DECIDED JANUARY 7, 1980.

*H. Stewart Brown,* for appellants.

*William S. Lee, District Attorney, Richard L. Hodge, Assistant District Attorney,* for appellee.