## 63541. SUDDETH v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of theft by receiving stolen property.

1. Appellant enumerates as error the denial of his motion to suppress evidence which was discovered in a search of his property. The evidence adduced on the hearing authorized the finding of the trial court that the search was conducted pursuant to appellant's voluntarily given consent. "Although the house was surrounded by police, this does not ipso facto require a finding of coercion." *Code v. State,* 234 Ga. 90, 94 (214 SE2d 873) (1975). Nor does the fact that appellant was not advised of his right to refuse permission to conduct a search require a finding that his consent was coerced. See *Code,* 234 Ga. at 95, fn. 1, supra.

It is of no consequence that the officers mistakenly informed

appellant that the property for which they wished to conduct a search was reported as stolen from appellant's brother. The evidence establishes that at the time they requested permission to conduct the search, the officers were acting in good faith on information that the property had been reported as stolen by appellant's brother, a mistaken circumstance of which they became aware only after the search was completed. However, that the officers wished to search for stolen property was absolutely true. See *Bailey v. State,* 147 Ga. App. 621 (249 SE2d 675) (1978). Thus at the time the information was imparted to appellant, it was in fact the underlying if mistaken basis for the officers' request for permission to search. Such circumstances do not demonstrate that appellant's consent was obtained by the officers' deceit. Compare *Radowick v. State,* 145 Ga. App. 231, 239 (4) (244 SE2d 346) (1970).

Likewise, it is of no moment that, after the search had proved successful, the officers informed appellant that he had to give them the keys to a stolen truck. After appellant had consented to the search and the search had resulted in the discovery of stolen property, the officers were authorized to seize it and appellant would not have been authorized to frustrate that seizure. See generally Code Ann. § 27-303; *Culbreth v. State,* 152 Ga. App. 867 (264 SE2d 315) (1980).

Our review of the evidence adduced in connection with appellant's motion to suppress demonstrates that under the "totality of the circumstances" the trial court was clearly authorized to find that appellant's consent to the search was voluntarily given. *Code,* 234 Ga. 90, supra.

2. Appellant enumerates as error the denial of his motion in limine by which he sought to exclude the admission into evidence of testimony relating to a "separate crime" from that for which he was going to be tried. On appeal, it is urged that the motion was erroneously denied with regard to "any conversation by [a]ppellant with law enforcement officers on September 7, 1979 [, the date of the search and his subsequent arrest,] because he was not advised of his Fifth and Sixth Amendment rights to remain silent and assistance of legal counsel under the Constitution of the United States and Miranda v. Arizona, 384 U. S. 436 . . ."

We are unable to find in the record before us any motion in limine based on Miranda grounds. However, assuming that such a motion was in fact filed or made, it was not erroneously denied for any reason urged on appeal. It is apparently appellant's contention that he should have been advised of his Miranda rights at the same time that the officers sought to obtain his permission to conduct a search for the stolen property. It is urged that because the officers had information sufficient to cause them to request permission to search

the premises, appellant was the "focus" of an investigation and the requirements of Miranda were triggered. Although appellant has failed to demonstrate on appeal that any incriminatory statement whatsoever made by him prior to his arrest on September 7, 1979 was introduced into evidence at his trial, we find that any such statement that might have been introduced was not the product of custodial interrogation and not violative of Miranda. *Shy v. State,* 234 Ga. 816, 819 (218 SE2d 599) (1975); *Futch v. State,* 145 Ga. App. 485, 488 (243 SE2d 621) (1978). Accordingly it was not error for this reason to deny appellant's motion in limine.

Appellant's remaining assertion that it was error to deny his motion in limine amounts to no more than an argument that he was entitled to be tried jointly for the "separate crime" or to have evidence concerning that crime excluded from the instant trial. That the "separate crime" was not listed in the indictment and that consequently appellant was not on trial for that crime were not grounds for excluding otherwise admissible evidence concerning that other crime from the instant case. See *State v. Johnson,* 246 Ga. 654, 656 (2) (272 SE2d 321) (1980).

3. Our review of the transcript demonstrates that there was no error in allowing the state to cross-examine one of its witnesses on the grounds of surprise and entrapment. See *Wilson v. State,* 235 Ga. 470, 472 (1) (219 SE2d 756) (1975). See also *Davis v. State,* 249 Ga. 309, 314 (290 SE2d 273) (1982) wherein the Supreme Court removed "the requirement of any show of surprise before a party is allowed to impeach his own witness."

4. During the course of the cross-examination of appellant, the trial court began to ask its own questions. Defense counsel's motion for mistrial was denied. On appeal it is urged that the motion for mistrial should have been granted because the questioning by the trial judge constituted a prohibited expression of opinion under Code Ann. § 81-1104. Our review of the transcript demonstrates no error in the denial of the motion for mistrial on these grounds. It appears that the questioning of appellant by the trial court was within the permissible bounds of fully developing the truth of the case and was not violative of Code Ann. § 81-1104. See *Wilson v. State,* 229 Ga. 224 (2) (190 SE2d 78) (1972), overruled on other grounds, *Holcomb v. State,* 230 Ga. 525 (198 SE2d 179) (1973).

5. The charge was not erroneous for any reason urged on appeal. See *Robinson v. State,* 209 Ga. 650, 652 (7) (75 SE2d 9) (1953).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MAY 13, 1982 —
REHEARING DENIED MAY 27, 1982 —

*Frank K. Martin,* for appellant.
*Johnny Caldwell, District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District Attorneys,* for appellee.