## 64180. ROBINSON v. THE STATE.

DEEN, Presiding Judge.

Patricia Ann Robinson appeals from her conviction of violating the Georgia Controlled Substances Act (possession of heroin) contending that the trial court erred in denying her motion to suppress. *Held:*

At the hearing on the motion, Detective Byrd testified he was contacted by an informant who had given him information on fifteen to twenty prior occasions that led to drug convictions. The informant said that a black female wearing a jumpsuit and carryng a black and silver pocketbook was sitting on a green Ford Thunderbird parked under the I-75 overpass on Auburn Avenue, that she was with a couple of other people and was attempting to sell heroin out of her pocketbook. The informant did not know her name and suggested that the police officers hurry as she was near her vehicle. After meeting briefly with the informant, Byrd and another officer proceeded to Auburn Avenue and observed appellant dressed as described, carrying a black and silver pocketbook and sitting on the described vehicle talking to two black men. When one of the men lit what Byrd believed to be a marijuana cigarette and attempted to pass it around to the others, the officers made the arrest and searched the pocketbook. They found the heroin in a small purse inside the pocketbook. Byrd further testified that the surveillance lasted about 30-35 minutes, that he felt there was not sufficient time to obtain a search warrant as he feared the vehicle would be gone when he returned and that he was reluctant to use his radio during the surveillance for fear he would be observed by appellant and would scare her away.

We find that the trial court did not err in denying the motion to suppress. The facts in this case are very similar to those in *Oliver v. State,* 161 Ga. App. 567 (287 SE2d 698) (1982) wherein this court held

that the officer was acting on information from a reliable informant and that ". . . there were sufficient facts from which a reasonable prudent person could conclude that an offense was being committed in [the officer's] presence as to justify the warrantless seizure and attempted arrest." In that case, the defendant was arrested in a restaurant and contraband was found in a red pocket handkerchief he held in his hand. In the present case, the informant's tip met the standards used to establish probable cause: (1) the informant's reliability of previous tips; (2) the reliability of the information was established by the informant's statement that he has seen heroin in the appellant's pocketbook. *Bailey v. State,* 147 Ga. App. 621 (249 SE2d 675) (1978). See also *State v. Perry,* 234 Ga. 842 (218 SE2d 559) (1975).

At a motion to suppress, the judge sits as the trier of fact and his findings based on conflicting evidence will be upheld if there is any evidence to support it. *McDonald v. State,* 156 Ga. App. 143 (273 SE2d 881) (1980). While appellant argues that the officers had ample time to obtain a warrant, this is a retrospective view of the facts and the trial court was justified in finding that the officers believed exigent circumstances existed which prevented them from obtaining a search warrant, *Peters v. State,* 148 Ga. App. 850 (253 SE2d 214) (1979), and that these same exigent circumstances justified a warrantless search of the pocketbook which the officers had probable cause to believe contained contraband. *Gilliland v. State,* 139 Ga. App. 399 (228 SE2d 314) (1976).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 9, 1982 —
REHEARING DENIED JUNE 23, 1982.

*Charles S. Thornton,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, J. Wallace Speed, H. Allen Moye, Assistant District Attorneys,* for appellee.