## 64897. WILLIAMS v. THE STATE.

BIRDSONG, Judge.

David Williams was convicted of armed robbery and sentenced to serve twenty years. He brings this appeal enumerating as error the admission of his pretrial statement on two separate grounds. *Held:*

1. In his first enumeration, Williams urges the trial court erred in failing to suppress the pretrial statement because it arose out of an illegal arrest. We disagree. The evidence shows the arresting officer had received a report from an informer that Williams was involved in an armed robbery different from the one charged in the case sub judice. That robbery involved several black males of a particular description at least one of whom used a small handgun silver in color. Before the officer had located appellant for questioning, he learned through a newspaper of the second robbery here involved. Inquiry as to that robbery disclosed very similar modus operandi. There were four black males of very similar description (one apparently fitting the general appearance presented by Williams) to that of the participants in the first robbery, a similar technique was followed in conducting the robbery, a small silver handgun was used and the escape vehicle with a specific color and tag number was positively identified. Shortly thereafter the apprehending officer saw a car of that color and bearing the same tag number as the car involved in the second robbery. Appellant Williams was seen sitting on or leaning against the hood. The officer stopped and inquired from appellant if the car was his. Upon receiving an affirmative reply as well as noting his identity, Williams was taken into custody (i. e., arrested) and taken to jail. After appropriate Miranda warnings, he gave a statement admitting his presence at the scene of the second robbery but denying his knowledgeable participation in it (i. e., he didn't know it "was going down").

It is well settled that an arrest may be made upon hearsay evidence; and indeed, the reasonable cause necessary to support an arrest cannot demand the same strictness of proof as the accused's guilt upon a trial, unless the powers of peace officers are to be so cut down that they cannot possibly perform their duties. *Duffy v. State,* 156 Ga. App. 847, 848 (275 SE2d 658). Whether an arrest is constitutionally valid depends upon whether, at the moment the arrest was made, the officer had probable cause to make it; i. e., at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrestee had committed an offense. *Morgan v. State,* 241 Ga. 485, 487 (246 SE2d

198). Under the facts known to the apprehending officer in this case, we conclude the officer would have been remiss in his duties not to have taken Williams into custody and investigate further the appellant's connection with potentially two armed robberies.

2. Appellant next contends the trial court improperly admitted the pretrial statement because appellant had made an earlier oral statement denying any knowledge of either robbery but that oral statement had not been reduced to writing and surrendered to the defense upon demand for discovery.

In his brief and enumeration of error, appellant contends that he made a demand for pretrial statements pursuant to the provisions of Code Ann. § 27-1302. The record does not support this contention. Appellant in his pretrial motion clearly denominates the motion as having been made as a "Brady" motion. At no point does he mention Code Ann. § 27-1302, nor did he seek delivery of the statement ten days in advance of trial as authorized by Code Ann. § 27-1302. Moreover, Code Ann. § 27-1302 provides that it is only when a timely written request has not been honored by the state, that the state is precluded from using a statement and, if the statement is oral only but not furnished to the defendant upon request, no inculpatory or incriminating portion thereof may be used by the state.

A Brady motion (373 U. S. 83 (83 SC 1194, 10 LE2d 215)) does not reach the defendant's own statements made prior to trial for they are already known to the defendant. *Cunningham v. State,* 248 Ga. 558 (6) (284 SE2d 390). Moreover, to constitute a request for discovery under Code Ann. § 27-1302, a pleading must either make specific reference to Code Ann. § 27-1302, or make it clear that written copies of the defendant's own statements are to be furnished to the defense at least ten days prior to trial. In his motion, Williams made no specific request for his own statements nor did he refer to Code Ann. § 27-1302 or to delivery ten days prior to trial. It is clear therefore that the "Brady" motion failed to give the state reasonable notice that Williams sought discovery pursuant to the provisions of Code Ann. § 27-1302. There was no error in admitting his statement at trial on this ground. *McCarty v. State,* 249 Ga. 618, 620 (292 SE2d 700).

Furthermore, while under Brady appellant would have been entitled to exculpatory information known to the government but not to him, under Code Ann. § 27-1302 upon written request appellant was only entitled ten days before trial to receive any written or oral statements made by him, with the sanction that the state could not use any non-delivered inculpatory admission or confession in its case in chief. In this case, even assuming arguendo that Code Ann. § 27-1302 was applicable, the whole of the inculpatory statement as

well as the exculpatory denial was made known or was given to appellant. The exculpatory denials of guilt or guilty knowledge claimed by appellant uttered prior to his inculpatory statement were not only known to appellant, they were not used by the state. Appellant has shown no harmful error by the state's failure to reduce to writing a denial of guilt for another crime under investigation made to different investigators and where production is demanded only in a Brady motion and not pursuant to Code Ann. § 27-1302. The statement being otherwise voluntary, there was no error in its admission.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED OCTOBER 27, 1982.

*Albert F. Burkhalter, Jr.,* for appellant.

*F. Larry Salmon, District Attorney, Stephen F. Lanier, Assistant District Attorney,* for appellee.