## 65990. DAWSON v. THE STATE.

DEEN, Presiding Judge.

Jimmy Dawson was convicted of armed robbery and sentenced to 16 years imprisonment. On appeal, he contends that because his warrantless arrest and the warrantless search of his residence were illegal, the trial court erred in denying his motion to suppress certain evidence obtained as a result of the search.

At approximately 3:00 a.m. on March 15, 1982, the clerk at a Zippy Mart in Swainsboro was robbed of $115 at gunpoint by a black male, described by the clerk as approximately 21 years old, five feet eight inches tall, attired in a beige windbreaker, maroon trousers, tennis shoes, and with his head and face mostly covered by a knitted cap. The clerk notified the police after the robber's retreat, and within a few minutes the sheriff arrived.

The police noticed tire tracks and shoe prints in a parking area near the Zippy Mart. Because the clerk's description reminded him of

Michael Dawson, appellant's brother, with whom he had recently dealt concerning a burglary, the sheriff proceeded to the residence shared by the appellant, Michael Dawson, and their grandmother.

The police officers reached the residence approximately 30 minutes after the robbery, and, before approaching the house, they observed that the engine of the automobile in the driveway was hot, and that the vehicle's tire tracks matched those discovered near the scene of the crime. Either the appellant or his brother came to the door, and, following the sheriff's explanation that they were investigating an armed robbery, granted the request for permission to enter and search the house. The officers proceeded down a hall to the bedroom shared by the two brothers, and similarly explained to the other brother the nature of their investigation and requested his permission to search the premises. This brother consented to the search, and upon being aroused so did the grandmother. No force or threats were applied, and the sheriff did not detect any mental incapacity, despite appellant's stated suspicion that someone had put something in some wine he drank earlier in the evening.

The search revealed appellant's clothing which matched the description of that worn by the robber, money, and 25 calibre pistol that fit the description of the weapon wielded by the robber. At this point, the sheriff officially placed appellant under arrest. *Held:*

A law enforcement officer may legally arrest "either under a warrant or without a warrant if the offense is committed in his presence or within his immediate knowledge, if the offender is endeavoring to escape, if the officer has probable cause to believe that an act of family violence . . . has been committed, or for other causes if there is likely to be failure of justice for want of a judicial officer to issue a warrant." OCGA § 17-4-20 (a) (Code Ann. § 27-207). While we agree with the appellant that the police officers lacked probable cause to arrest when they first approached his residence, a warrantless arrest was authorized by the discovery of the clothing, money and gun that connected him to the armed robbery, assuming a legal search. Because a search incidental to an illegal arrest is invalid, *Hill v. State,* 140 Ga. App. 121 (230 SE2d 336) (1976); *Kelly v. State,* 129 Ga. App. 131 (198 SE2d 910) (1973), the primary question presented by this case concerns when the arrest actually occurred.

An arrest is complete if a "person voluntarily submits to being considered under arrest or yields on condition of being allowed his freedom of locomotion under the discretion of the officer . . ." OCGA § 17-4-1 (Code Ann. § 27-201); *Rogers v. State,* 131 Ga. App. 136 (205 SE2d 901) (1974). Despite the sheriff's retrospective testimony at the suppression hearing that he probably would not have allowed the appellant or his brother to have left the premises as they conducted

the search, there is no evidence of either the police officers exercising, verbally or physically, any control over appellant's freedom or appellant submitting to being considered under arrest, until the search revealed the clothing and the firearm. Under these facts, we find that the arrest occurred upon that discovery, and it was lawful. The articles seized, along with the observations about the engine heat and the tire tracks of appellant's vehicle, certainly created probable cause for appellant's arrest, and the warrantless arrest prevented a likely failure of justice. See *Creamer v. State,* 150 Ga. App. 458 (258 SE2d 212) (1979).

Probable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854) (1973); *Hall v. State,* 239 Ga. 832 (238 SE2d 912) (1977). Further, a warrantless search may be justified not only by the consent of the defendant, but of any third-party who possesses common authority over or some other sufficient relationship to the premises or objects to be inspected. United States v. Matlock, 415 U. S. 164 (94 SC 988, 39 LE2d 242) (1974); *Peek v. State,* 239 Ga. 422 (238 SE2d 12) (1977).

In this case the state's evidence was uncontroverted that the search proceeded pursuant to the consent of the appellant, his brother, and their grandmother. All three understood and acceded to the officers' request to search, and there was no evidence of coercion. Even if appellant's capacity was diminished or he had not consented, the search was permissible because of the consent voluntarily given by appellant's grandmother and his brother, who actually shared with appellant the bedroom in which the seized articles were found.

"In situations where the police have some evidence of illicit activity, but lack probable cause to arrest or search, a search authorized by a valid consent may be the only means of obtaining important and reliable evidence." Schneckloth v. Bustamonte, supra at 227. This case represents a clear example of such a situation, but we find that the consent to search was valid, and the effects discovered thereby supplied the probable cause which justified the warrantless arrest. The trial court therefore properly denied the motion to suppress.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs specially.*

DECIDED APRIL 5, 1983.

*Charles B. Merrill, Jr.,* for appellant.
*Richard A. Malone, District Attorney,* for appellee.

CARLEY, Judge, concurring specially.

I agree that the judgment of the trial court should be affirmed. The only enumeration of error is that the trial court erred in denying appellant's motion to suppress evidence obtained during the search. "[A] review of the evidence adduced in connection with appellant's motion to suppress demonstrates that under the 'totality of the circumstances,' the trial court was clearly authorized to find that appellant's consent to the search was voluntarily given. [Cit.]" *Suddeth v. State,* 162 Ga. App. 460 (291 SE2d 430) (1982). Appellant's objections to the search having been properly resolved on the basis of consent, and there being no other enumeration of error, appellant's conviction must be affirmed.