67200. BOWEN v. THE STATE.

CARLEY, Judge.

Appellant appeals from the revocation of his probation. All of appellant's enumerations of error concern the denial of his motion to suppress and the admission into evidence of certain statements he made to police officers before he was advised of his Miranda rights.

1. Appellant first contends that the trial court erred in dis-

missing his motion to suppress for failure to comply with the requirements of OCGA § 17-5-30 (b). The transcript of the hearing on appellant's motion reveals that, after hearing evidence and argument of counsel, the trial court stated that it was dismissing the motion because it failed to state the facts on which it was based. However, immediately after making that ruling, the trial court proceeded to consider and to deny the motion on its merits. Under these circumstances, even if the trial court's ruling on the technical sufficiency of the motion was erroneous, appellant was not prejudiced thereby. In order for an alleged error to be grounds for reversal, appellant must show not only error, but also ensuing harm. *Burnette v. State*, 165 Ga. App. 768 (302 SE2d 621) (1983).

2. As to the merits of the motion to suppress, appellant contends that his arrest without a warrant was illegal, and that the search of his vehicle and the seizure of its contents were products of that illegal arrest. Accordingly, appellant argues that the evidence against him should have been excluded.

The evidence showed that an officer on routine patrol during early morning hours received information via police radio of a burglary or a suspected burglary of a certain restaurant. A short time thereafter, while patrolling the parking lot of an apartment complex, the officer observed a car with an open trunk. Thinking that someone had broken into the car, the officer stopped to investigate. He looked into the open trunk and saw a large cooler with no top. Inside the cooler were a large number of clear cellophane packages of coffee and two large packages of sausages. It was immediately apparent to the officer, who recognized the brand names and the distinctive packaging of the goods, that these types of items would normally be found at restaurants and would not be sold at ordinary retail grocery stores. Because of the earlier burglary report on the radio, the officer suspected that the goods might be stolen. After a support unit arrived at the apartment complex, the officer approached a particular apartment in which he thought the driver of the car resided. A woman responded to his knock and informed him that the car belonged to appellant, who had just arrived at her apartment. Appellant came to the door, and the officer asked him his name and where he worked. Appellant stated his name and said that he worked at an electrical company. The officer then asked appellant where he had obtained the items in his trunk, and appellant told him that he had received them from a friend. At that point, the officer asked appellant to put on his shoes and come outside to the police vehicle. Appellant did so. After accompanying the officer outside, appellant was advised of his Miranda rights and was placed in the back of the patrol car. He consented to a search of his car and gave the officer his keys. The police officer then searched the car and confiscated seven rolls of pennies from the glove

compartment, along with certain other items and the goods which he had previously seen in appellant's trunk. The pennies, the cooler, the coffee, the sausages, and several other items were subsequently identified by the owner of the burglarized restaurant as having come from his place of business.

The legality of appellant's warrantless arrest depends upon whether the arresting officer had probable cause to believe that appellant had committed an offense. *Creamer v. State*, 150 Ga. App. 458 (258 SE2d 212) (1979). "[I]f an officer, while in the presence or vicinity of the accused, acquires 'probable cause' (federal) to arrest the accused outside his or her home, and fails to make such arrest, there is likely to be a failure of justice as a matter of law if the officer is required to delay the arrest until a warrant is obtained." *Durden v. State*, 250 Ga. 325, 327 (297 SE2d 237) (1982). See OCGA § 17-4-20 (a). " 'In dealing with probable cause, . . . as the very name implies, we deal with probabilities. They are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' Brinegar v. United States, 338 U. S. 160, 175 (69 SC 1302, 93 LE 1879)." *Duffy v. State*, 156 Ga. App. 847, 848 (275 SE2d 658) (1980). " 'The standard is that of "a reasonable, cautious and prudent peace officer" and must be judged in the light of his experience and training. [Cit.]' [Cits.] What he sees or apprehends through his senses must be sufficient to convince him *as a fact* that the violation exists . . ." *Harris v. State*, 128 Ga. App. 22, 23 (195 SE2d 262) (1973).

Under the circumstances of the instant case, the police officer was justified in making further inquiry of the owner of the car, based upon his reasonable belief that the items in the trunk could have been stolen during the earlier restaurant burglary. "Momentary detention and questioning are permissible if based upon specific and articulable facts which, taken together with rational inferences from those facts, justify a reasonable course of inquiry not based on mere inclination, caprice or harassment." *Williams v. State*, 163 Ga. App. 866, 868 (295 SE2d 361) (1982). Thereafter, the results of that inquiry warranted the officer's reasonable belief that appellant had committed an offense, and justified the warrantless arrest of appellant. *Durden v. State*, supra; *Davis v. State*, 164 Ga. App. 312 (295 SE2d 131) (1982); *Williams v. State*, 164 Ga. App. 148 (296 SE2d 739) (1982). Since appellant's arrest was not illegal, his consent to the search of his vehicle was not vitiated or tainted thereby. Considering the totality of the circumstances, the trial court was clearly authorized to find that appellant's consent to the search was voluntarily given. *Suddeth v. State*, 162 Ga. App. 460 (291 SE2d 430) (1982).

3. "After appellant had consented to the search and the search had resulted in the discovery of stolen property, the officers were au-

thorized to seize it and appellant would not have been authorized to frustrate that seizure. [Cits.]" *Suddeth v. State*, supra at 461. Since nothing was seized until after appellant had consented to the search, questions involving the "plain view" doctrine need not be considered.

4. Appellant further asserts that the trial court erred in admitting into evidence statements made by appellant prior to his being advised of his Miranda rights. The only statements so made by appellant were in response to general questions asked by the police officer during his preliminary inquiry. Appellant told the officer his name, his occupation, and that a friend had supplied him with the items which were in his trunk. "This court has held on a number of occasions that such questions as were put to appellant here amounted to permissible 'threshold inquiries.' [Cits.] Although the focus of investigation was upon the appellant, we conclude that he was not in custody, and that his volunteered response was admissible in evidence. [Cits.]" *Chester v. State*, 157 Ga. App. 191 (276 SE2d 684) (1981). See also *Smith v. State*, 160 Ga. App. 690 (287 SE2d 44) (1981); *Aldridge v. State*, 247 Ga. App. 142 (274 SE2d 525) (1981).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 29, 1984.

*William R. Ritchie, William A. Wehunt*, for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney*, for appellee.